UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
**VICTOR M. HERRERA**,

Plaintiff



v.

**GILBERT TAYLOR,** Commissioner
Department of Homeless Services,
**DANIEL RODRIGUEZ,** Deputy Director
30th Street Men's Shelter,
**CAPTAIN BATES,** Captain
Department of Homeless Service Police
**STEVEN BANKS,** Commissioner
Human Resource Administration,
**Lt. Rosario,**
Human Resource Administration
**MARK G. PETERS,** Commissioner
Department of Investigation,
**WILLIAM J. BRATTON,** Commissioner
New York Police Department,
**CARMELYN P. MALALIS,** Commissioner
Division of Human Rights,
**SAMUEL D. ROBERTS,** Commissioner
Office of Temporary Disability Assistance,
**DANIEL L. NIGRO,** Commissioner,
Fire Department City of New York,
**NEW YORK CITY HEALTH AND HOSPITAL
CORPORATION,**
**JOHN AND JANE DOE OFFICERS,** Department
Homeless Services,
**JOHN AND JANE DOE OFFICERS,** Human Resource
Administration,
**CITY OF NEW YORK,** et al
Defendants.

CIVIL ACTION

VERIFIED COMPLAINT

JURY CLAIM AS TO ALL
COUNTS.

# 16 CV 0162

## INTRODUCTION

**VICTOR M. HERRERA**, a resident and citizen of the United States and the State of New York
hereby asserts the following claims against the defendants in the above-entitled action:

1. Violation of 42 USC §1983: False Arrest
2. Violation of 42 USC §1983: unlawful detention and confinement,
3. Violation of 42 USC §1983: Retaliation and conspiracy,
4. Violation of 42 USC §1983: deliberate Indifference,
5. Violation of 42 USC §1983 Cruel and Unusual punishment,

6. Malicious prosecution
7. Malicious abuse of process,
8. Assault and Battery
9. Intentional infliction of emotional distress,
10. Reserved for negligence (until 6 months after presentment), and
11. Reserved for negligent infliction of emotional distress (until 6 months after presentment)

## JURISDICTION

1. Jurisdiction of this Court arises under 28 USC §1331, 1337, 1343(a), and 1367(a); 42 USC §1983, 1985 and 1988; and 18 USC 1961-1968.

2. Jurisdiction of this Court for the pendent claims is authorized by F.R.Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in **United Mine Workers v. Gibbs**, 383 US 715 (1966).

## PARTIES

3. Plaintiff **Victor M. Herrera** is a natural person with a mailing address of 31-67 49th Street, Apt 5D, Woodside, New York 11377, County of Queens, State of New York, United States of America, and is a resident of the State of New York during all relative times of this action.

4. Defendant **Gilbert Taylor**, is the Commissioner of the Department of Homeless Service, City of New York appointed by the Mayor of the City of New York, at all times relevant to this complaint.

5. Defendant **Daniel Rodriguez**, is the Associate Director of 30th Street Men's Shelter located at 400-430 30th Street, New York, NY, appointed by Defendant **Gilbert Taylor**, Commissioner, Department of Homeless Service, at all times relevant to this complaint.

6. Defendant **Captain Bates** is a Captain for the Department of Homeless Services, Wards Island, 1 Wards Island, New York, NY, appointed by Defendant **Gilbert Taylor**, Commissioner, Department of Homeless Services, at all times relevant to this complaint.

7. Defendant **Steven Banks**, is the Commissioner of the Department of Social Services, Human Resource Administration of the City of New York appointed by the Mayor of the City of New York, at all times relevant to this complaint.

8. Defendant **Mark G. Peters**, is the Commissioner of the Department of Investigations of the City of New York appointed by the Mayor of the City of New York at all times relevant to this complaint.

9. Defendant **William J. Bratton,** is the Commissioner of the Police Department, City of New York appointed by the Mayor of the City of New York at all times relevant to this complaint.

10. Defendant **Carmelyn P. Malalis,** is the Commissioner of the Division of Human Rights of the City of New York appointed by the Mayor of the City of New York at all times relevant to this complaint.

11. Defendant **Samuel D. Roberts,** is the Commissioner of the Office of Temporary Disability Assistance, appointed by the Governor of the State of New York, at all times relevant to this complaint, and the Agency primarily responsible for implementing procedures related to the conducting of Judicial Hearings for the State of New York, City of New York Social Services Law.

12. Defendant, **Daniel L. Nigro**, is the Commissioner of the Fire Department, City of New York, appointed by the Mayor of the City of New York at all times relevant to this complaint.

13. Defendant, **New York City Health and Hospital Corporation** is the Municipal Health Care System in place responsible for overseeing the Hospitals, both public and private, in the appropriate enforcement of procedures and practices providing health care services to working and poor population of the City of New York and was at all times relevant to this complaint.

14. Defendants' **John and Jane Doe** and others not presently known to the plaintiff were, at all times material to the complaint, duly appointed City of New York employees for the Department of Homeless Services and Human Resources Administration Police and Social Services employees of the City New York.

15. Plaintiff sues all public employees in their official and individual capacities.

16. At all times material to this complaint, Defendants are and were herein duly appointed and acting officers, servants, employees and agents of the **City of New York**, a municipal agency of Defendant **City of New York**, at all times relevant herein, the individual defendants were acting under color of the Laws, Statutes, Ordinances, Regulations, Policies, customs and/or usages of the State of New York and City of New York, in the course and scope of their duties and functions as officers, agents, servants and employees of Defendant **City of New York**, Were acting for, and on behalf of, and with power and authority vested in them by the City of New York and the **Department of Homeless Services**, **The Human Resource Administration**, **The Department of Investigation**, the **Division of Human Rights**, **Daniel Rodriguez**, **Captain Bates**, **Lt. Rosario**, and **John and Jane** defendants were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

## NOTICE OF CLAIM

17. Plaintiff timely filed a Notice of Intention to File with the Corporation Counsel of the City of New York, setting forth the facts underlying plaintiff's claims against the defendants and City of New York.

18. The City assigned a claim number to plaintiff's claim, and plaintiff has not been examined pursuant to N.Y. Gen. Mun. L §50-h.

19. To date, plaintiff has received no answer and no compensation has been offered by Defendant City of New York in response to this claim.

20. This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this complaint.

## FACTS

21. **August 21, 2014**, the plaintiff, **Victor M. Herrera**, applied for Temporary Cash and Food Assistance with the **Human Resource Administration (Case No. 07797688C)** (hereinafter **HRA Defendants')** after experiencing a loss of employment with **Breen Brothers Towing Corporation** located at 3089 Richmond Terrace, Staten Island, NY 10303 on account of a labor dispute.

22. On or about **November 28, 2014**, the plaintiff entered and registered the 30th Street Men Shelter for Temporary Housing and assistance in obtaining suitable housing. (Client No.

23. On or about **September 10, 2014,** the plaintiff sought and acquired employment as a Truck Driver for **Milea Truck Sales Corporation** located in the Bronx at an hourly rate of $20.00 dollars.

24. On or about **November 7, 2014**, the plaintiff was scheduled to meet with the **HRA defendant(s)** representatives (such appointments mandated by policy and procedures) for assessment and evaluation of need and establishing an Independent Living Plan, at 7:00 p.m. at the 30th Street Men's Shelter located at 400-430 30th Street, New York, NY..

25. The plaintiff, attempting to maintain discretion as to employment, was forced to expose himself at risk of lost, that plaintiff was residing in shelter to seek an early work day to attend such meeting, which the **HRA Defendant's** deliberately ignored and sabotaged, and upon the plaintiff's objections and request for supervisory intervention, was seen as troublesome resulting in an unnecessary and hostile response from **Department of Homeless Services Police** (hereinafter **DHS Defendant's**) who applied unnecessary use of force, creating a hostile living environment provoking plaintiff resulting in unlawful imprisonment and report of an EDP (Emotionally Disturbed Person) creating a hostile environment and response from the **Defendants New York City Police Department** (hereinafter **Defendant's NYPD**) and **Defendants Fire Department of New York** to justify the actions and inactions of **HRA** Defendants.

26. The plaintiff was held against his will in a psychiatric ward and injected with anti anxiety medication that was unnecessary however at the provocation and motivation of **DHS** and **HRA Police Defendants**, Defendants **Captain Bates** and **Lt. Rosario** who had caused plaintiff to be improperly sedated on false information, resulting in an illegal injection of mood altering drugs. Plaintiff was placed under evaluation and held over his objections at the Bellevue Hospital Psychiatric Ward under wrongful restraint of liberty, resulting in plaintiff's late arrival at his place of employment, and the subsequent termination on account of punctuality. The plaintiff was held under the guise of legitimate **HRA/DHS** policy of which permitted the defendants to use a practice that impermissibly classified

plaintiff **Victor M.** Herrera as an emotionally disturbed person; plaintiff was punished for having complained of defendants' actions.

27. On or about April 7, 2015, the plaintiff was again the victim of a brutal assault and placed in a malicious Chokehold at the hands of the defendants, **Captain Bates** and two unidentified **John** and **Jane Doe Defendants**, assaulted on account of plaintiff's verbal objection of the improper withholding of his property and the practice of defendants violent responses to clients grievances and complaints.

28. Since **November 2014,** plaintiff **Victor M. Herrera** has been the victim of numerous assaults and battery at the hands of numerous identified and unidentified Defendants and issued false criminal violation summonses, employed by the defendant **City of New York DHS and HRA**, applying force of a malicious nature, all intended to chill Plaintiff, **Victor M. Herrera** first Amendment Right to petition for Redress of Grievances.

29. Since **November 2014**, plaintiff has been the victim of numerous service interruptions by identified and unidentified Defendants who were the motivating force behind the hostile environment that caused to be used a practice of provocation intended to improperly result in the unlawful imprisonment resulting from the unwarranted and unnecessary use of force that resulted in the improper use of psychiatric restraints and sedatives that were outrageous and cruel and inhumane.

30. Since **May 2015**, plaintiff **Victor M. Herrera** was forced to exit the Department of Homeless Services under conditions that proved hostile and intended to obstruct the plaintiff's reception of services by the actions undertaken by Defendants **Daniel Rodriguez**, who deliberately and with malicious intent abused the policies and procedures intended for housing placement, to be used to plaintiff, **Victor M. Herrera** disadvantage, placing plaintiff in an unsuitable shelter specifically for the mentally ill and chemically addicted (Dependent).

31. Since **May 2015**, the plaintiff **Victor M. Herrera** has been forced to sleep in parks and subways stations on account of the fear of continuous and repeated physical abuses at the hands of defendants, **DHS, HRA, Captain Bates, John and Jane Doe and City of New York** deliberate indifference to a known and obvious consequence of their actions or inactions. The plaintiff has been the victim of theft, robbed of his personal belongings, the loss of employment and personal effects since the defendants failed to provide the necessary services in prevention and aid to prevent economic crisis from worsening, however created a systemic pattern of behavior intended to punish plaintiff, **Victor M. Herrera** for his first amendment protected activity resulting in further worsening of economic crisis.

32. The defendant(s) actions were intended to punish plaintiff and was part of a widespread pattern of behavior displayed by the Defendant Superiors in the **DHS** and **HRA**, and repeatedly turned a blinds eye to the behavior, taking no preventative precautions to divert the retaliatory actions which caused the harm alleged herein. On information and belief, Defendant **City of New York** has, acting through its **DHS, DOI, HRA and NYPD**, developed, implemented, enforced, encouraged, and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by

engaging in grievances and documenting complaints and/or misconduct, for which plaintiff also seek to vindicate his rights to be free of unlawful search, seizure, arrest and use of illegal excessive force by defendants in retaliation for such activities.

## CAUSES OF ACTION
## FIRST CLAIM: EXCESSIVE FORCE
## DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH
## AMENDMENTS AND 42 USC§1983

33. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

34. The conduct and actions of Defendants **Captain Bates, Lt. Rosario,  John and Jane Doe**, acting in concert and under the color of law, in authorizing, directing and/or causing plaintiff to be attacked by **DHS and HRA Police Defendants**, applying unnecessary force to comply with unreasonable demands deliberately, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of plaintiff's rights as guaranteed under 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force.

35. As a direct and proximate result of the foregoing, plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

## SECOND CLAIM: DENIAL OF MEDICAL CARE
## DEPRIVATION OF RIGHTS UNDER THE FOURTEENTH AMENDMENT
## AND 42 USC§ 1983

36. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

37. Members of the **NYPD** have an affirmative duty to seek medical attention of persons who are injured in the course of being apprehended by the Police.

38. **Defendants Sergeant(s) John and Jane Doe Police**, along with **DHS and HRA Police** were in the immediate vicinity of Mr. Herrera, when **DHS and HRA Police** applied unnecessary force apprehending plaintiff, physically slamming plaintiff into the walls, punching plaintiff and forcefully twisting plaintiff's arms behind him with no resistance from the plaintiff, at 5'7", 135 lbs. In Addition, **Captain Bates** illegal application of a chokehold placed plaintiff in urgent need of medical attention but defendants **Captain Bates, Lt. Rosario, Sergeant(s) John and Jane Doe** took no action to provide or request medical care for Mr. Herrera, disregarding the obvious risk to plaintiff's health, rather illegally initiated a report to FDNY of an **emotionally disturbed person** (EDP), and

provoking his unlawful imprisonment and restraint by FDNY and the improper injection of anti-anxiety medications unlawfully and against the plaintiff's objections.

39. The conduct and actions of defendants **Captain Bates, John and Jane Doe Sergeants, DHS and HRA Police**, acting under color of law in failing to request or obtain medical attention for **Mr. Herrera**, was unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for plaintiff's serious medical needs, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of plaintiff's substantive Due Process Rights as guaranteed under 42 USC§ 1983, and the Fourteenth Amendment to the United States Constitution.

40. As a direct and proximate result of the foregoing, plaintiff was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

**THIRD CLAIM: DEPRIVATION OF RIGHT TO PETITION AND EXPRESSION**
**DEPRIVATION OF RIGHTS UNDER THE FIRST AND FOURTEENTH AMENDMENTS**
**AND 42 USC§ 1983**

41. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

42. The above described conduct and actions of the individual defendants, acting under color of law, deprived plaintiff of his rights to petition and expression, was done due to defendants' personal animus and bias against the content of plaintiff's grievances and speech; was done to interfere with, and chill the exercise of his right to petition for the redress of grievances, and additionally a pattern of conduct intended to succeed in attacking the plaintiff's credibility to the accounts herein alleged and complained of, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious pain and suffering in violation of plaintiff's constitutional rights as guaranteed under 42 USC§ 1983, and the First and Fourteenth Amendments to the United States Constitution.

43. As a result of the foregoing, plaintiff suffered the injuries and damages set forth above.

**FOURTH CLAIM**
**MONELL CLAIM AGAINST THE CITY OF**
**NEW YORK-42 USC§1983**

44. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

45. The **City of New York** directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the defendant employees, agents, officers and servants of the City of New York. The conduct of the defendant officers was a direct consequence of policies and practices of **Defendant City of New York.**

46. At all times relevant to this complaint **Defendant City of New York**, acting through the **DHS and HRA Defendants**, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual **Defendants**, and were a direct and proximate cause of the damages and injuries complained of herein.

47. The November 1, 2014 incident of plaintiff complaining to staff and objecting to the conduct of the defendant employees, including the practice of enforcing policies that permitted the **DHS and HRA** to punish plaintiff using means that permitted the use of legitimate practices for illegitimate purposes, deliberately circumventing the policies to meet their illegal conduct in covering up the misconduct. The November 1, 2014 incident were among the first of many events in which plaintiff was subjected to the inhumane treatment at the hands of numerous staff, agents, employees and servants of the **Defendant City of New York.**

48. At all times relevant to this complaint, **Defendant City of New York**, acting through its **employee police of DHS and HRA**, and through the individual defendants, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individual having engaged in first amendment activities. Upon information and belief, **Defendant City of New York** planned and implemented a policy, practice, custom and usage of controlling complaining clients in the **New York City Shelter** System and **Human Resource Administration Business** offices by permitting **DHS** and **HRA Police** to use discriminately procedures in place for persons suffering from and diagnosed emotional and mentally disturbed persons against the plaintiff, to deliberately cover up the misconduct of unwarranted use of force and excessive force.

49. In connection with the plaintiff's own complaints against staff and police, the **City of New York** consciously disregarded the illegality and unconstitutionality of said detentions, use of force, and retaliation in order to punish and suppress complaining clients from pursuing grievances by provoking such hostility toward clients, creating a hostile environment and deliberately attacking clients without provocation. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

50. The existence these unconstitutional customs and policies, specifically as it relates to client's applying for Social Service Benefits, is evidenced by the countless repeated occurrences of similar wrongful conduct.

51. **The City of New York** knew or should have known of the defendant(s) Officers' propensity to engage in misconduct of the type alleged herein. Upon information and belief, prior to November 1, 2014, the **City of New York** was aware of several complaints of Police Misconduct involving the use of excessive force and retaliatory use of force against the plaintiff by members of **DHS and HRA Police**. Despite its knowledge of such incidents of prior misconduct, the City of New York failed to take remedial action.

52. Additionally, the **City of New York** knew or should have known more specifically of **Daniel Rodriguez, Captain Bates, Lt. Rosario and John and Jane Doe Defendants'** propensity to engage in misconduct of the type alleged herein and to lie to cover up such misconduct, deliberately abusing the process and engaging in malicious prosecutions of the plaintiff. Upon information and belief, prior to November 1, 2014, the City of New York was aware of numerous claims of constitutional violations involving defendants as documented in numerous complaints. Despite its knowledge of such incident of prior misconduct, **the City of New York** failed to take remedial action.

53. It was the policy and/or custom of the **City of New York** to inadequately and improperly investigates citizen complaints of Police misconduct, and acts of misconduct were instead tolerated by the **City of New York**, including but not limited to, incidents listed above.

**FIFTH CLAIM**
**ARTICLE I, § 11 OF THE NEW YORK**
**STATE CONSTITUTION**

54. Plaintiff repeat and re-allege by reference paragraphs 1 through 53 as if fully set forth herein.

55. The acts of Defendants, acting under color of law, in arresting Plaintiff and in physically assaulting Plaintiff were motivated by a retaliatory animus, racially motivated and were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering to the plaintiff in violation of his Constitutional rights to equal protected as guaranteed by Article 1, Section 11 of the Constitution of the State of New York.

56. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff **Victor M. Herrera** and violated his rights as guaranteed by the Constitution of the State of New York.

**SIXTH CLAIM**
**ARTICLE I, § 12 OF THE NEW YORK**
**STATE CONSTITUTION**

57. Plaintiff repeat and re-allege by reference paragraphs 1 through 56 as if fully set forth herein.

58. The acts of Defendants, acting under color of law, in subjecting Plaintiff **Victor M. Herrera** to unlawful search and seizure, arrest and excessive force by physically assaulting Plaintiff were done without reasonable suspicion or probable cause and were designed to, and did cause, specific and serious bodily harm, pain and suffering to the plaintiff in violation of his Constitutional Rights as guaranteed by Article 1, Section 12 of the Constitution of the State of New York.

59. The foregoing act and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff **Victor M. Herrera** and violated his rights as guaranteed by the Constitution of the State of New York.

**SEVENTH CLAIM**
**STATE COMMON LAW MALICIOUS PROSECUTION**

60. Plaintiff repeat and re-allege by reference paragraphs 1 through 59 as if fully set forth herein.

61. By their conduct, as described herein, Defendants are liable to Plaintiff for having committed malicious prosecution under the laws of the State of New York.

62. Defendants maliciously commenced criminal proceedings against Plaintiff, **Victor M. Herrera**, charging plaintiff with Disorderly Conduct and Trespassing, and Obstruction of Governmental Administration. Plaintiff was falsely and without probable cause charged with violations of the Laws of the State of New York.

63. The commencement and continuation of the criminal proceedings against Plaintiff **Victor M. Herrera** was malicious and without probable cause.

64. All charges were terminated in Plaintiffs' favor.

65. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of Plaintiff. Defendant City of New York, as an employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

66. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

**PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff **Victor M. Herrera** pray for relief as follows:

a) A declaration that Defendants' conduct violated the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution and Plaintiff rights under the New York State Constitution and State common law in the manners alleged herein, upon consideration of the evidence adduced at trial or otherwise;

b) A mandatory injunction requiring that Defendants possessing any arrest information arising from the actions complained of herein shall collect and deliver to the Plaintiff's all such records and expunge or delete all such information from their records;

c) An injunction enjoining Defendants from engaging in conduct to unlawfully disrupt, disperse, interfere with or prevent the lawful First Amendment activities explained of herein.

d) A mandatory injunction mandating Defendants to implement immediate policies and procedures that require the immediate removal and placement of individual clients such as the plaintiff, into suitable housing or low income housing, as it just and equitable under the circumstances.

e) Award plaintiff compensatory damages against the Defendants, including, but not limited to any emotional distress, recompensable costs related to criminal defenses, and any other compensatory damages as permitted by law and according to proof at trial;

f) Award Plaintiff **Victor M. Herrera** punitive damages.

g) Award Attorney Fees pursuant to 42 U.S.C.§ 1988;

h) Award cost of suit pursuant to 42 U.S.C. §§1920 and 1988; and

i) Award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Dated: January 2016

Respectfully submitted,

Victor M. Herrera
Plaintiff Pro Se
31-67 49th Street
Apt 5D
Woodside, NY 11377
(347) 932-2005
Victorherrera93@gmail.com

COMMUNITY ACCESS)

Gilbert Taylor, Commissioner,
Department of Homeless
Services,
Steven Banks, Commissioner
Human Resource Administration
Mark G. Peters, Commissioner
Department of Investigation
William J. Bratton, Commissioner
New York Police Department
Coalition for the Homeless
Carmelyn P. Malalis, Commissioner
Division of Human Rights
City of New York
Samuel D. Roberts, Commissioner
Office of Temporary Disability Assistance,
                              Defendants, et al

CITY OF N.Y. LAW DEPT.
OFFICE OF CORP. COUNSEL
COMMON LAW ONS UNIT

2015 NOV -5  PM 3: 47

Tuesday, October 6, 2015

# NOTICE

Pursuant to General Municipal Law 50-e, you are hereby given **NOTICE** that **Victor M. Herrera**, plaintiff intends to commence a lawsuit against the **City of New York**, for $250,000 due to The Defendant(s) violating plaintiff Federal and State Constitutional rights in that plaintiff was subjected to unwarranted USE OF FORCE, ASSAULT AND BATTERY, FALSE ARREST, ABUSE OF PROCESS and UNLAWFUL IMPRISONMENT repeatedly for having engaged in First Amendment Protected activity, and for *failure to train and supervise* employees of the City and State of New York in the USE OF FORCE and PROHIBITED CHOKEHOLDS AND REPORTING OF EMOTIONALLY DISTURBED PERSON(S) AND FOR RETALIATION FOR DEFENDANTS REPEATEDLY PUNISHING PLAINTIFF, **Victor M. Herrera** for PLAINTIFF having engaging in First Amendment Protected Activity petitioning for the redress of grievances and equal protection of law.

Plaintiff, **Victor M. Herrera** will file suit against the Defendants' if the City does not cure the injuries, physically and emotionally resulting from the illegal  conduct and harassment continuously used against the plaintiff in his efforts to obtain benefits under the Fourteenth Amendment of the United States Constitution and for *failure to train and supervise* employees in the application and process of Public benefits, including housing for the Homeless and placement, within 90 days after receiving this letter.

The foregoing is not intended to be a complete recitation of all applicable law and/or facts, and shall not be deemed to constitute a waiver or relinquishment of any of plaintiff **Victor M. Herrera's** rights or remedies, whether legal or equitable, all of which are hereby expressly reserved, including plaintiff's right to all available
remedies against the City of New York, including but not limited to the recovery of costs and attorneys' fees.

Sincerely,

Victor M. Herrera
31-67 49th Street, Apt 5D
Woodside, New York 11377

CITY OF N.Y. LAW DEPT.
OFFICE OF CORP. COUNSEL

2015 NOV -5  PM 3: 47

# VERIFICATION

STATE OF NEW YORK )
COUNTY OF _New York_ ) ss.:

**Victor M. Herrera,** the deponent herein, being duly sworn, deposes and says:

That I am the plaintiff/claimant in this action. That I have read the foregoing **Notice Of Intention** and know the contents thereof, that the same is true to my own knowledge and belief, except as to matters therein stated to be alleged on information and belief, and that as to those matters I believe them to be true.

Victor M. Herrera
3167 49th Street, Apt 5D
Woodside, NY 11377
Tel. 347-932-2005
E. Victorherrera93@gmail.com

Sworn to before me this

5th day of _November_, 2015

NOTARY PUBLIC

TAMARA L MCFARLAND
Notary Public, State of New York
No. 01MC6254619
Qualified in New York County
Commission Expires Jan. 17, 2016