```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/25/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
**VICTOR M. HERRERA**,
                Plaintiff

v.

**GILBERT TAYLOR,** Commissioner
Department of Homeless Services,
**DANIEL RODRIGUEZ,** Deputy Director
30th Street Men's Shelter,
**CAPTAIN BATES,** Captain
**SERGEANT WILLIAMS,**
Department of Homeless Service Police
**STEVEN BANKS,** Commissioner
**LIEUTENANT ROSARIO**
Human Resource Administration
**MARK G. PETERS,** Commissioner
Department of Investigation,
**WILLIAM J. BRATTON,** Commissioner
New York Police Department,
**CARMELYN P. MALALIS,** Commissioner
Division of Human Rights,
**SAMUEL D. ROBERTS,** Commissioner
Office of Temporary Disability Assistance,
**DANIEL L. NIGRO,** Commissioner,
Fire Department City of New York,
**NEW YORK CITY HEALTH AND HOSPITAL CORPORATION,**
**JOHN & JANE DOE POLICE OFFICERS,** New York City Police Department
**JOHN AND JANE DOE POLICE OFFICERS,** Department Homeless Services,
**JOHN AND JANE DOE POLICE OFFICERS,** Human Resource Administration,
**CITY OF NEW YORK,** et al
**CHURCH AVENUE MERCHANTS BLOCK ASSOCIATION**
**FREDDY C. DESORMEAUX,** Doctor, Interfaith Medical Center
**INTERFAITH MEDICAL CENTER**
                Defendants.

CIVIL ACTION 16 CV 162

VERIFIED COMPLAINT

JURY CLAIM AS TO ALL COUNTS.

RECEIVED SDNY PRO SE OFFICE
2016 JAN 25 A 10:06
S.D. OF N.Y.

## INTRODUCTION

**VICTOR M. HERRERA**, a resident and citizen of the United States and the State of New York hereby asserts the following claims against the defendants in the above-entitled action:

1. Violation of 42 USC §1983: False Arrest
2. Violation of 42 USC §1983: unlawful detention and confinement,
3. Violation of 42 USC §1983: Retaliation and conspiracy,

4. Violation of 42 USC §1983: deliberate Indifference,
5. Violation of 42 USC §1983 Cruel and Unusual punishment,
6. Malicious prosecution
7. Malicious abuse of process,
8. Assault and Battery
9. Intentional infliction of emotional distress,
10. Reserved for negligence (until 6 months after presentment), and
11. Reserved for negligent infliction of emotional distress (until 6 months after presentment)

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 USC §1331, 1337, 1343(a), and 1367(a); 42 USC §1983, 1985 and 1988; and 18 USC 1961-1968.

2. Jurisdiction of this Court for the pendent claims is authorized by F.R.Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in **United Mine Workers v. Gibbs**, 383 US 715 (1966).

**PARTIES**

3. Plaintiff **Victor M. Herrera** is a natural person with a mailing address of 31-67 49th Street, Apt 5D, Woodside, New York 11377, County of Queens, State of New York, United States of America, and is a resident of the State of New York during all relative times of this action.

4. Defendant **Gilbert Taylor**, was the Commissioner of the **Department of Homeless Service, City of New York** appointed by the Mayor of the City of New York, at all times relevant to this complaint.

5. Defendant **Daniel Rodriguez**, is the Associate Director of 30th Street Men's Shelter located at 400-430 30th Street, New York, NY, appointed by Defendant **Gilbert Taylor**, Commissioner, Department of Homeless Service, at all times relevant to this complaint.

6. Defendant **Captain Bates** is a Captain for the Department of Homeless Services, Wards Island, 1 Wards Island, New York, NY, appointed by Defendant **Gilbert Taylor**, Commissioner, Department of Homeless Services, at all times relevant to this complaint.

7. Defendant **Sergeant Williams** is a Sergeant for the Department of Homeless Services, assigned to private not for profit contractor Defendant **Church Avenue Merchants Block Association (CAMBA Atlantic)** as Policing Enforcement, appointed by Defendant **Department of Homeless Services (DHS) City of New York**, at all times relevant to this complaint.

8. Defendant **Steven Banks**, is the Commissioner of the Department of Social Services, Human Resource Administration of the City of New York appointed by the Mayor of the City of New York, at all times relevant to this complaint.

9. Defendant **Mark G. Peters**, is the Commissioner of the Department of Investigations of the City of New York appointed by the Mayor of the City of New York at all times relevant to this complaint.

10. Defendant **William J. Bratton,** is the Commissioner of the Police Department, City of New York appointed by the Mayor of the City of New York at all times relevant to this complaint.

11. Defendant **Carmelyn P. Malalis,** is the Commissioner of the Division of Human Rights of the City of New York appointed by the Mayor of the City of New York at all times relevant to this complaint.

12. Defendant **Samuel D. Roberts**, is the Commissioner of the Office of Temporary Disability Assistance, appointed by the Governor of the State of New York, at all times relevant to this complaint, and the Agency primarily responsible for implementing procedures related to the conducting of Judicial Hearings for the State of New York, City of New York Social Services Law.

13. Defendant, **Daniel L. Nigro**, is the Commissioner of the Fire Department, City of New York, appointed by the Mayor of the City of New York at all times relevant to this complaint.

14. Defendant, **New York City Health and Hospital Corporation** is the Municipal Health Care System in place responsible for overseeing the Hospitals, both public and private, in the appropriate enforcement of procedures and practices providing health care services to working and poor population of the City of New York and was at all times relevant to this complaint.

15. Defendants' **John and Jane Doe** and others not presently known to the plaintiff were, at all times material to the complaint, duly appointed **City of New York** employees for the **New York Police Department, Department of Homeless Services and Human Resources Administration Police** and **Social Services** employees of the City New York.

    Defendants' **Church Avenue Merchants Block Association (CAMBA Atlantic)** is a private not for profit organization registered to engage in Business under the Laws of New York State and Local providing services to house or otherwise assist the Homeless and crisis faced citizens of the City of New York, and are contracted with the City of New York to provide housing and social services to the citizens of New York City faced with crisis, and was at all times relevant to this complaint.

16. Defendants' **Interfaith Medical Center** is a private Multi-site community teaching health care system which provides a wide range of medical, surgical, gynecological, dental, psychiatric and pediatric center providing services throughout the City of New York, operating a 287 bed hospital facility located in Brooklyn, NY and was at times relevant to this complaint.

17. Defendant **Freddy C. Desormeaux MD**, is a psychiatrist at **Interfaith Medical Center** located in Booklyn, NY, and was at all times relevant to this complaint.

18. Plaintiff sues all public employees in their official and individual capacities.

19. At all times material to this complaint, Defendants are and were herein duly appointed and acting officers, servants, employees and agents of the **City of New York**, a municipal agency

of Defendant **City of New York**, at all times relevant herein, the individual defendants were acting under color of the Laws, Statutes, Ordinances, Regulations, Policies, customs and/or usages of the State of New York and City of New York, in the course and scope of their duties and functions as officers, agents, servants and employees of Defendant **City of New York**, Were acting for, and on behalf of, and with power and authority vested in them by the City of New York and the **Department of Homeless Services, The Human Resource Administration, The Department of Investigation**, the **Division of Human Rights, Daniel Rodriguez, Captain Bates, Lt. Rosario,** and **John and Jane** defendants were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

## NOTICE OF CLAIM

20. Plaintiff timely filed a Notice of Intention to File with the Corporation Counsel of the City of New York, setting forth the facts underlying plaintiff's claims against the defendants and City of New York.

21. The City assigned a claim number to plaintiff's claim, and plaintiff has not been examined pursuant to N.Y. Gen. Mun. L §50-h.

22. To date, plaintiff has received no answer and no compensation has been offered by Defendant City of New York in response to this claim.

23. This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this complaint.

## FACTS

24. **August 21, 2014**, the plaintiff, **Victor M. Herrera**, applied for Temporary Cash and Food Assistance with the **Human Resource Administration (Case No. 07797688C)** (hereinafter **HRA Defendants'**) after experiencing a loss of employment with **Breen Brothers Towing Corporation** located at 3089 Richmond Terrace, Staten Island, NY 10303 on account of a labor dispute.

25. On or about **September 28, 2014**, the plaintiff entered and registered the 30th Street Men Shelter for Temporary Housing and assistance in obtaining suitable housing. (Client No.

26. On or about **September 10, 2014,** the plaintiff sought and acquired employment as a Truck Driver for **Milea Truck Sales Corporation** located in the Bronx at an hourly rate of $20.00 dollars.

27. On or about **November 7, 2014**, the plaintiff was scheduled to meet with the **HRA defendant(s)** representatives (such appointments mandated by policy and procedures) for assessment and evaluation of need and establishing an Independent Living Plan, at 7:00 p.m. at the 30th Street Men's Shelter located at 400-430 30th Street, New York, NY..

28. The plaintiff, keeping the appointment with Defendant **HRA** did request early leave from employment and arrived within the scheduled time to keep such appointment, which the **HRA Defendant's** deliberately failed to keep, placed plaintiff's employment at risk and when properly objected, was immediately confronted without provocation or justification by Defendant **Department of Homeless Services Police** (hereinafter **DHS Defendant's**).

29. Defendants **DHS**, without provocation or justification, and solely to punish plaintiff, applied unnecessary use of force, resulting in unlawful imprisonment and report of what is known as **EDP (Emotionally Disturbed Person)** creating a hostile environment and response from the **Defendants New York City Police Department** (hereinafter **Defendant's NYPD**) and **Defendants Fire Department of New York** to justify the actions and inactions of HRA Defendants.

30. The defendants' actions were the cause of plaintiff **Victor M. Herrera** being forcefully held against his will, in restraints, transported to a psychiatric ward at Bellevue Medical Center and injected with anti-psychotic chemicals at the provocation and motivation of **DHS, HRA, FDNY & NYPD Police Defendants**.

31. Defendant, **Daniel Rodriguez** without legal or lawful justification, and in retaliation for plaintiff having engaged in protected activity, did willfully cause plaintiff to be transferred to a shelter the defendant knew or should have known was not appropriately suited for the plaintiff, and did so intentionally and willfully in retaliation for plaintiff having filed several grievances against him and **30th Street Men's Shelter.**

32. Defendants **Captain Bates, Lt. Rosario & Sergeant Williams** were the cause of plaintiff to be improperly sedated on false information, resulting in an illegal injection of mood altering drugs. Plaintiff was placed under evaluation and held over his objections at the Bellevue Hospital Psychiatric Ward under wrongful restraint of liberty, resulting in plaintiff's late arrival at his place of employment, and the subsequent termination on account of punctuality. The plaintiff was held under the guise of legitimate **HRA/DHS** policy of which permitted the defendants to use a practice that impermissibly classified plaintiff **Victor M. Herrera** as an emotionally disturbed person; plaintiff was punished for having complained of defendants' actions.

33. On or about **April 7, 2015**, the plaintiff was again the victim of a brutal assault and placed in a malicious Chokehold at the hands of the defendants, **Captain Bates** and two unidentified **John** and **Jane Doe Defendants**, assaulted on account of plaintiff's verbal objection of the improper withholding of his property and the practice of defendants' violent responses to client's grievances and complaints.

34. On or about **January 12, 2016**, the plaintiff was again the victim of an unprovoked attack by Defendant **Sergeant Williams**, who without justification or lawful authority, attacked and assaulted the plaintiff **Victor M. Herrera**, and deliberately and impermissibly had caused the plaintiff to be alarmed resulting in injury to the plaintiff.

35. Defendant **Sergeant Williams**, without lawful authority and in an act of abuse of authority, physically arrested and restrained the plaintiff, **Victor M. Herrera**, and had cause to report the plaintiff **EDP** to cause plaintiff to be restrained and unlawfully imprisoned by falsely reporting that plaintiff was emotionally disturbed.

36. Defendants' **Church Avenue Merchants' Block Association (Hereinafter CAMBA Atlantic)** had caused to permit plaintiff to be attacked by Defendant **Sergeant Williams**, when without provocation or justification, permitted, suborned or acquiesced in the unlawful and unwarranted attack, and falsely provided aide to **Defendant Sergeant Willaims and Defendants' DHS** when they provided false information to support an unprovoked assault upon the plaintiff, thereby failing to uphold the plaintiff's State and Constitutional rights and equal protection of the law.

37. Defendants' **Interfaith Medical Center** had cause to injure plaintiff, when without lawful authority and ignoring the plaintiff **Victor M. Herrera's** objections, did hold plaintiff unlawfully and without legal justification, illegally searched and injected plaintiff **Victor M. Herrera** with a mind altering substance, illegally sedating the plaintiff against his will, even when plaintiff could easily be seen as no threat to himself or others, but was otherwise forcefully injected to silence his legal rights and privileges enjoyed by the Constitution of the United States and New York State.

38. Defendant **Freddy C. Desormeaux,** knowing he was without legal or medically justified, illegally had cause to threaten plaintiff, **Victor M. Herrera** and without upholding his medical oath, did have the plaintiff, **Victor M. Herrera** illegally injected with the mind altering chemical to silence plaintiff **Victor M. Herrera's** legal rights and privileges enjoyed by the Constitution of the United States and New York State

39. Since **November 2014**, plaintiff **Victor M. Herrera** has been the victim of numerous assaults and battery at the hands of numerous identified and unidentified Defendants and issued false criminal violation summonses, employed by the defendant **City of New York DHS and HRA**, applying force of a malicious nature, all intended to chill Plaintiff, **Victor M. Herrera** first Amendment Right to petition for Redress of Grievances.

40. Since **November 2014**, plaintiff has been the victim of numerous service interruptions by identified and unidentified Defendants who were the motivating force behind the hostile environment that caused to be used a practice of provocation intended to improperly result in the unlawful imprisonment resulting from the unwarranted and unnecessary use of force that resulted in the improper report of **EDP** in the use of psychiatric restraints and sedatives that were outrageous and cruel and inhumane.

41. Since **November 2014**, plaintiff has been the victim of numerous unlawful imprisonments and restraints on account of **Defendants' NYPD & FDNY** permitting unlawful acts of misconduct to injure plaintiff **Victor M. Herrera,** under false pretense of lawful authority, acting in concert with Defendants' **DHS, HRA & HHC** in the improper use of reporting and restraining the plaintiff as an emotionally disturbed person by deliberately failing to follow the appropriate guidelines in the evaluation and determination, and otherwise permitting, suborning, or acquiesced in the unlawful practice by providing false information to cover up that the practice was being used unlawfully against unsuspecting citizens, and that plaintiff has been the subject of over four (4) different incidents of which the practice was used unlawfully against him to cause harm.

42. Since **May 2015**, plaintiff **Victor M. Herrera** was forced to exit the Department of Homeless Services under conditions that proved hostile and intended to obstruct the plaintiff's reception of services by the actions undertaken by Defendants **City of New York, DHS, HRA, and Daniel Rodriguez collectively,** who deliberately and with malicious intent abused the policies and procedures intended for housing placement, to be used to plaintiff, **Victor M. Herrera** disadvantage, placing plaintiff in an unsuitable shelter specifically for the mentally ill and chemically addicted (Dependent).

43. Since **May 2015**, the plaintiff **Victor M. Herrera** has been forced to sleep in parks and subways stations on account of the fear of continuous and repeated physical abuses at the hands of defendants, **DHS, HRA, Captain Bates, John and Jane Doe and City of New York** deliberate indifference to a known and obvious consequence of their actions or inactions. The plaintiff has been the victim of theft, robbed of his personal belongings, the loss of employment and personal effects since the defendants failed to provide the necessary services in prevention and aid to prevent economic crisis from worsening, however created a systemic pattern of behavior intended to punish plaintiff, **Victor M. Herrera** for his first amendment protected activity resulting in further worsening of economic crisis.

44. The defendant(s) actions were intended to punish plaintiff and was part of a widespread pattern of behavior displayed by the Defendant Superiors in the **DHS** and **HRA**, and repeatedly turned a blinds eye to the behavior, taking no preventative precautions to divert the retaliatory actions which caused the harm alleged herein. On information and belief, Defendant **City of New York** has, acting through its **NYPD, FDNY, DHS, DOI, and HRA,** developed, implemented, enforced, encouraged, and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by engaging in grievances and documenting complaints and/or misconduct, for which plaintiff also seek to vindicate his rights to be free of unlawful search, seizure, arrest and use of illegal excessive force by defendants in retaliation for such activities.

## CAUSES OF ACTION
## FIRST CLAIM: EXCESSIVE FORCE
## DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 USC§1983

45. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

46. The conduct and actions of Defendants **Captain Bates, Lt. Rosario, Sergeant Williams John and Jane Doe**, acting in concert and under the color of law, in authorizing, directing and/or causing plaintiff to be attacked by **DHS and HRA Police Defendants**, applying unnecessary force to comply with unreasonable demands deliberately, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of plaintiff's rights as guaranteed under 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force.

47. As a direct and proximate result of the foregoing, plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

## SECOND CLAIM: DENIAL OF MEDICAL CARE
## DEPRIVATION OF RIGHTS UNDER THE FOURTEENTH AMENDMENT AND 42 USC§ 1983

48. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

49. Members of the **NYPD, FDNY, DHS and HRA Police** have an affirmative duty to seek medical attention of persons who are injured in the course of being apprehended by the Police.

50. **Defendants Lieutenant Rosario, Sergeant Williams, John and Jane Doe Police**, along with **Defendants' Daniel Rodriguez, DHS and HRA Police** were part of a design intended to cause plaintiff **Victor M. Herrera** harm when plaintiff was subjected to transfers of a retaliatory nature to punish him, and **DHS and HRA Police** subjecting plaintiff to unnecessary force apprehensions, physical assaults and battery's, punching plaintiff and forcefully twisting plaintiff's arms behind him with no resistance from the plaintiff, at 5'7", 135 lbs. In Addition, **Captain Bates** illegal application of a chokehold placed plaintiff in urgent need of medical attention but defendants **Captain Bates, Lt. Rosario, Sergeant(s) John and Jane Doe** took no action to provide or request medical care for Mr. Herrera, disregarding the obvious risk to plaintiff's health, rather illegally initiated a report to **NYPD & FDNY** Defendants' of an **emotionally disturbed person (EDP)**, and provoking his unlawful imprisonment and restraint by **NYPD, FDNY, HHC** and the improper injection of anti-psychotic chemicals unlawfully and against the plaintiff's objections.

51. The conduct and actions of defendants **NYPD, FDNY, Lieutenant Rosario, Captain Bates, Sergeant Williams, John and Jane Doe Sergeants, DHS, HRA Police and HHC**, acting under color of law in failing to request or obtain medical attention for **Mr. Herrera**, was unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for plaintiff's serious medical needs, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of plaintiff's substantive Due Process Rights as guaranteed under 42 USC§ 1983, and the Fourteenth Amendment to the United States Constitution.

52. As a direct and proximate result of the foregoing, plaintiff was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

**THIRD CLAIM: DEPRIVATION OF RIGHT TO PETITION AND EXPRESSION
DEPRIVATION OF RIGHTS UNDER THE FIRST AND FOURTEENTH AMENDMENTS
AND 42 USC§ 1983**

53. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

54. The above described conduct and actions of the individual defendants, acting under color of law, deprived plaintiff of his rights to petition and expression, was done due to defendants' personal animus and bias against the content of plaintiff's grievances and speech; was done to interfere with, and chill the exercise of his right to petition for the redress of grievances, and additionally a pattern of conduct intended to succeed in attacking the plaintiff's credibility to the accounts herein alleged and complained of, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious pain and suffering in violation of plaintiff's constitutional rights as guaranteed under 42 USC§ 1983, and the First and Fourteenth Amendments to the United States Constitution.

55. As a result of the foregoing, plaintiff suffered the injuries and damages set forth above.

**FOURTH CLAIM
MONELL CLAIM AGAINST THE CITY OF
NEW YORK-42 USC§1983**

56. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

57. The **City of New York** directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the defendant employees, agents, officers and servants of the City of New York. The conduct of the defendant officers was a direct consequence of policies and practices of **Defendant City of New York**.

58. At all times relevant to this complaint **Defendant City of New York**, acting through the **DHS and HRA Defendants**, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual **Defendants**, and were a direct and proximate cause of the damages and injuries complained of herein.

59. The November 1, 2014 incident of plaintiff complaining to staff and objecting to the conduct of the defendant employees, including the practice of enforcing policies that permitted the **FDNY, NYPD, DHS, HRA and HHC** to punish plaintiff using means that permitted the use of legitimate practices for illegitimate purposes, deliberately circumventing the policies to meet their illegal conduct in covering up the misconduct. The November 1, 2014 incident were among the first of many events in which plaintiff was subjected to the inhumane treatment at the hands of numerous staff, agents, employees and servants of the **Defendant City of New York.**

60. At all times relevant to this complaint, **Defendant City of New York**, acting through its **employee police of DHS and HRA**, and through the individual defendants, **NYPD, FDNY & HHC** had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individual having engaged in first amendment activities. Upon information and belief, **Defendant City of New York** planned and implemented a policy, practice, custom and usage of controlling complaining clients in the **New York City Shelter** System and **Human Resource Administration Business** offices by permitting **NYPD, FDNY, DHS, HRA Police and HHC** to use indiscriminately procedures in place for persons suffering from and diagnosed emotional and mentally disturbed persons against the plaintiff, to deliberately cover up the misconduct of unwarranted use of force and excessive force.

61. In connection with the plaintiff's own complaints against staff and police, the **City of New York** consciously disregarded the illegality and unconstitutionality of said detentions, use of force, and retaliation in order to punish and suppress complaining clients from pursuing grievances by provoking such hostility toward clients, creating a hostile environment and deliberately attacking clients without provocation. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

62. The existence these unconstitutional customs and policies, specifically as it relates to client's applying for Social Service Benefits, is evidenced by the countless repeated occurrences of similar wrongful conduct.

63. **The City of New York** knew or should have known of the defendant(s) Officers' propensity to engage in misconduct of the type alleged herein. Upon information and belief, prior to November 1, 2014, the **City of New York** was aware of several complaints of Police Misconduct involving the use of excessive force and retaliatory use of force against the plaintiff by members of **DHS and HRA Police**. Despite its knowledge of such incidents of prior misconduct, the **City of New York** failed to take remedial action.

52. Additionally, the **City of New York** knew or should have known more specifically of **Daniel Rodriguez, Captain Bates, Lt. Rosario, Sergeant Williams and John and Jane Doe Defendants'** propensity to engage in misconduct of the type alleged herein and to lie to cover up such misconduct, deliberately abusing the process and engaging in malicious prosecutions of the plaintiff. Upon information and belief, prior to November 1, 2014, the **City of New York** was aware of numerous claims of constitutional violations involving defendants as documented in numerous complaints. Despite its knowledge of such incident of prior misconduct, **the City of New York** failed to take remedial action.

53. It was the policy and/or custom of the **City of New York** to inadequately and improperly investigates citizen complaints of Police misconduct, and acts of misconduct were instead tolerated by the **City of New York**, including but not limited to, incidents listed above.

## FIFTH CLAIM
## ARTICLE I, § 11 OF THE NEW YORK
## STATE CONSTITUTION

54. Plaintiff repeat and re-allege by reference paragraphs 1 through 53 as if fully set forth herein.

55. The acts of Defendants, acting under color of law, in arresting Plaintiff and in physically assaulting Plaintiff were motivated by a retaliatory animus, racially motivated and were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering to the plaintiff in violation of his Constitutional rights to equal protected as guaranteed by Article 1, Section 11 of the Constitution of the State of New York.

56. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff **Victor M. Herrera** and violated his rights as guaranteed by the Constitution of the State of New York.

## SIXTH CLAIM
## ARTICLE I, § 12 OF THE NEW YORK
## STATE CONSTITUTION

57. Plaintiff repeat and re-allege by reference paragraphs 1 through 56 as if fully set forth herein.

58. The acts of Defendants, acting under color of law, in subjecting Plaintiff **Victor M. Herrera** to unlawful search and seizure, arrest and excessive force by physically assaulting Plaintiff were done without reasonable suspicion or probable cause and were designed to, and did cause, specific and serious bodily harm, pain and suffering to the plaintiff in violation of his Constitutional Rights as guaranteed by Article 1, Section 12 of the Constitution of the State of New York.

59. The foregoing act and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff **Victor M. Herrera** and violated his rights as guaranteed by the Constitution of the State of New York.

**SEVENTH CLAIM**
**STATE COMMON LAW MALICIOUS PROSECUTION**

60. Plaintiff repeat and re-allege by reference paragraphs 1 through 59 as if fully set forth herein.
61. By their conduct, as described herein, Defendants are liable to Plaintiff for having committed malicious prosecution under the laws of the State of New York.
62. Defendants maliciously commenced criminal proceedings against Plaintiff, **Victor M. Herrera**, charging plaintiff with Disorderly Conduct and Trespassing, and Obstruction of Governmental Administration. Plaintiff was falsely and without probable cause charged with violations of the Laws of the State of New York.
63. The commencement and continuation of the criminal proceedings against Plaintiff **Victor M. Herrera** was malicious and without probable cause.
64. All charges were terminated in Plaintiffs' favor.
65. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of Plaintiff. Defendant City of New York, as an employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.
66. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

**EIGHTH CLAIM**
**CLAIMS AGAINST NOT FOR PROFIT**
**CAMBA ATLANTIC**

67. The Defendants', **CAMBA Atlantic,** were involved in the constitutional violations when it otherwise failed to protect, prevent or otherwise stop the unconstitutional unprovoked attacks occurring in their Facility by City employees, and otherwise permitted, suborned and acquiesced in the unconstitutional violations that included the improper reporting of emotionally disturbed persons by soliciting, participating and engaging in the unconstitutional violations against the plaintiff, **Victor M. Herrera,** and if not for their own culpability in the submission of documents and/or providing support to false claims of defendants' **City of New York** and its' agency's, that plaintiff, **Victor M. Herrera** would otherwise not be subjected to, allowed such behavior to go unchecked and unreported.
68. As a direct and proximate result of the misconduct and failure to prevent or protect plaintiff, **Victor M. Herrera**, the defendant **CAMBA Atlantic** were just as culpable in allowing the unconstitutional injury to manifest and plaintiff to be subjected to, thereby sustaining the damages to plaintiff alleged herein.

**NINTH CLAIM**
**CLAIMS AGAINST FOR PROFIT**
**INTERFAITH MEDICAL CENTER**

69. The Defendants', **Interfaith Medical Center**, were involved in the unconstitutional violations when it otherwise failed to protect, prevent or otherwise stop the unconstitutional violations to occur when it failed to provide medical attention, and otherwise permitted, suborned and acquiesced in an unconstitutional practice of medical malpractice by deliberately holding citizens otherwise falsely reported as emotionally disturbed persons **(EDP)** against their will, intentionally solicit, participate or willfully disregard a known and obvious consequence of applying unnecessary medical and/or psychiatric treatment to plaintiff, **Victor M. Herrera**, and deliberately injecting anti-psychotic mind altering chemicals to an unwilling and falsely reported plaintiff, and permitting employees licensed to practice medicine unlawfully against another without legal and/or lawful justification, in violation of plaintiff, **Victor M. Herrera's** rights guaranteed under the Constitution of the United States and New York State Constitution.

70. As a direct and proximate result of the misconduct and failure to prevent or protect plaintiff, **Victor M. Herrera**, the defendant **Interfaith Medical Center** permitted, allowed, suborned and acquiesced in the unjustified medical applications that resulted in plaintiff being subjected to the unlawful imprisonment and injection of mind altering chemicals into his body by the direction of Defendant **Freddy C. Desormeaux** and were as culpable in allowing the unconstitutional injury to occur even over the plaintiff's rational objections that were rational and in the absence of such standards of care as to be cruel and inhumane and therefore permitted plaintiff to be subjected to, thereby sustaining the damages to plaintiff alleged herein.

**TENTH CLAIM**
**CLAIM AGAINST DOCTOR**
**FREDDY C. DESORMEAUX**

71. The Defendant, **Freddy C. Desormeaux**, A Doctor employed by Defendant **Interfaith Medical Center**, deliberately and without lawful authority, in violation of plaintiff **Victor M. Herrera's** constitutional and state law rights, deliberately ignored a known and obvious consequence of his illegal and unethical conduct when he held the plaintiff against his wishes in the facility's Psychiatric Ward, having full capacities to assess the situation and arrive at a prompt determination to release plaintiff, and without lawful justification and over plaintiff own legal objections, chose to restrain plaintiff **Victor M. Herrera** and forcefully inject plaintiff with a mind altering chemical, the defendant knew he had no lawful right to administer, and subjecting plaintiff, **Victor M. Herrera**, to an illegal seizure in violation of his rights, privileges and immunities guaranteed by the Constitution of the United States and New York State Constitution.

72. As a direct and proximate result of the misconduct of Defendant **Freddy C. Desormeaux**, the plaintiff, **Victor M. Herrera**, the defendant **Interfaith Medical Center** permitted, allowed, suborned and acquiesced in the unjustified medical applications that resulted in plaintiff being subjected to the unlawful imprisonment and administering of mind altering chemicals into his body by the direction of Defendant **Freddy C. Desormeaux** and defendant **Freddy C. Desormeaux** deliberately chose to administer against his medical oath, an unconstitutional injury even over the plaintiff's rational objections that were rational and in the absence of such standards of care as to be cruel and inhumane and therefore permitted plaintiff to be subjected to, thereby sustaining the damages to plaintiff alleged herein

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff **Victor M. Herrera** pray for relief as follows:

1) A declaration that Defendants' conduct violated the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution and Plaintiff rights under the New York State Constitution and State common law in the manners alleged herein, upon consideration of the evidence adduced at trial or otherwise;
2) A mandatory injunction requiring that Defendants possessing any arrest information arising from the actions complained of herein shall collect and deliver to the Plaintiff's all such records and expunge or delete all such information from their records;
3) An injunction enjoining Defendants from engaging in conduct to unlawfully disrupt, disperse, interfere with or prevent the lawful First Amendment activities explained of herein.
4) A mandatory injunction mandating Defendants to implement immediate policies and procedures that require the immediate removal and placement of individual clients such as the plaintiff, into suitable housing or low income housing, as it just and equitable under the circumstances.
5) A mandatory injunction mandating Defendants' **City of New York** to implement immediate policies and procedures that relate to the reporting and use of **Emotionally Disturbed Persons(EDP)** that appropriately applied and monitored in their use of and enforcement of, when such procedures are used in settings such as those of the Defendants' **NYPD, FDNY, DHS and HRA**
6) A Temporary Restraining Order prohibiting and/or enjoining Defendants' from using or otherwise applying such practices against the plaintiff, **Victor M. Herrera** as a form of punishment and/or retaliation, and that defendants' be permanently enjoined from engaging in the use of and application of such policies and procedures against the plaintiff absent the proscribed procedures of requiring appropriate medical and/or psychiatric evaluation within a reasonable time table in determining the patients mental state of whether such person poses a threat to himself or others.

7) Award plaintiff compensatory damages in the amount of **$250,000.00** against the Defendants, including, but not limited to any emotional distress, recompensable costs related to criminal defenses, and any other compensatory damages as permitted by law and according to proof at trial;

8) Award Plaintiff **Victor M. Herrera** punitive damages.

9) Award Attorney Fees pursuant to 42 U.S.C.§ 1988;

10) Award cost of suit pursuant to 42 U.S.C. §§1920 and 1988; and

11) Award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Dated: January 25, 2016

Victor M. Herrera,

Plaintiff Pro se

**I, Victor M. Herrera**, declares under the penalty of perjury that:

I am the plaintiff/claimant in the above entitled action and **Verified Complaint.** That I have read the contents thereof and know the contents; that the same is true to my own knowledge and belief, except as to matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

Respectfully submitted,

Victor M. Herrera
Plaintiff Pro Se
31-67 49th Street
Apt 5D
Woodside, NY 11377
(347) 932-2005
Victorherrera93@gmail.com