```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 26, 2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
VICTOR M. HERRERA,                                    :
:
                              Plaintiff,    :      16 Civ. 162 (KPF)
:
             v.                             :      ORDER OF SERVICE
:
GILBERT TAYLOR, *et al.*,                             :
:
                              Defendants.   :
:
------------------------------------------------------X

KATHERINE POLK FAILLA, District Judge:

    Plaintiff brings this *pro se* action under 42 U.S.C. §§ 1983, 1985, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968.  He also asserts state-law claims under the Court's supplemental jurisdiction.  In his amended complaint, Plaintiff seeks monetary damages and injunctive and declaratory relief.  In an application for an order to show cause, Plaintiff seeks immediate injunctive relief that is similar to the relief he seeks in his amended complaint.  Plaintiff names as Defendants officers of several New York City agencies (Defendants Taylor, Rodriguez, Bates, Williams, Banks, Rosario, Peters, Bratton, Malalis, Roberts, Nigro, and the unidentified "John Doe" and "Jane Doe" Defendants), the City of New York itself, the New York City Health and Hospitals Corporation,[1] the Church Avenue Merchants Block Association, the Interfaith Medical Center, and a psychiatrist, Freddy C. Desormeaux.  He asserts claims against the New York City-officer defendants

---

    [1]  The Court notes that this entity is now known as NYC Health + Hospitals.

in their official and individual capacities.  By order dated February 9, 2016, the Court granted Plaintiff's request to proceed *in forma pauperis*.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston* v. *Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

**A.     New York City Officer Defendants**

The Court dismisses Plaintiff's official-capacity claims against all of the Defendants who are officers of New York City agencies; those claims are redundant of Plaintiff's claims against the City of New York itself.  *See Kentucky* v. *Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials [because] local government units can be sued directly for damages and injunctive or declaratory relief."); *see also Coon* v. *Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d Cir. 2005) ("[A] suit [under 42 U.S.C. § 1983] against a municipal officer in

2

his official capacity is treated as an action against the municipality itself."); *see generally* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").

To the extent that Plaintiff asserts § 1983 individual-capacity damages claims against those identified Defendants who are heads of New York City agencies (Defendants Taylor, Banks, Peters, Bratton, Malalis, Roberts, and Nigro), the Court must also dismiss those claims. To state a damages claim under § 1983 against a state-actor defendant in his or her individual capacity, a plaintiff must allege facts showing that defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone* v. *N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon* v. *Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). An individual defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). An individual defendant can be personally involved in a § 1983 violation if:

> [i] the defendant participated directly in the alleged constitutional violation, [ii] the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, [iii] the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, [iv] the defendant was grossly negligent in supervising

3

subordinates who committed the wrongful acts, or [v] the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

Plaintiff does not allege any facts showing how Defendants Taylor, Banks, Peters, Bratton, Malalis, Roberts, and Nigro were personally involved in the events underlying his claims.  The Court therefore dismisses Plaintiff's §1983 individual-capacity damages claims against those Defendants without prejudice to Plaintiff's repleading those claims in a second amended complaint in which Plaintiff alleges any facts showing that those Defendants were personally involved in the violations of his federally-protected rights.

**B.      Service on the Remaining Identified Defendants**

To allow Plaintiff to effect service on Defendants Rodriguez, Williams, Desormeaux, the New York City Health and Hospitals Corporation ("HHC"), the City of New York, the Church Avenue Merchants Block Association ("CAMBA"), and the Interfaith Medical Center ("IMC") through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those Defendants.  The service addresses for those Defendants are the following:  (i) Rodriguez – 30th Street Men's Shelter, 400 East 30th Street, New York, New York 10016,

---

[2] "Although the Supreme Court's decision in [*Ashcroft* v. *Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue.  *Grullon* v. *City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

(ii) Williams – Church Avenue Merchants Block Association, Atlantic House Men's Shelter, 2402 Atlantic Avenue, Brooklyn, New York 11233,

(iii) Desormeaux – Interfaith Medical Center, 1545 Atlantic Avenue, Brooklyn, New York 11213, (iv) HHC – NYC Health + Hospitals, 125 Worth Street, New York, New York 10013, (v) the City of New York, 100 Church Street, New York, New York 10007, (vi) CAMBA – 1720 Church Avenue, 2nd Floor, Brooklyn, New York 11226, and (vii) IMC – 1545 Atlantic Avenue, Brooklyn, New York 11213. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon those Defendants.

Plaintiff has not given specific addresses for Defendants Bates and Rosario. To allow him to effect service on those Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to send Plaintiff one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those Defendants. Within 30 days of the date of this Order, Plaintiff must complete a USM-285 form for Defendant Bates and one for Defendant Rosario and return those forms to the Court. Upon receipt of each completed USM-285 form, the Clerk of Court shall issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendants Bates and Rosario.

Plaintiff must effect service within 90 days of the date the summons is issued. It is Plaintiff's responsibility to inquire of the Marshals Service as to whether service has been made and, if necessary, to request an extension of

5

time for service.  See *Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012).  It is also Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### C. Unidentified "John Doe" and "Jane Doe" Defendants

Under *Valentin* v. *Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit the New York City Department of Homeless Services ("DHS"), the New York City Human Resources Administration ("HRA"), and the New York City Police Department ("NYPD") to identify the unidentified "John Doe" and "Jane Doe" Defendants.  They are those members of the DHS police, HRA police, and the NYPD, not already named as Defendants, who participated in the arrests and detainments of Plaintiff on or about the following dates:  November 7, 2014, April 7, 2015, and January 12, 2016.  It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the DHS, HRA, and NYPD, shall ascertain the identities of the unidentified "John Doe" and "Jane Doe" Defendants whom Plaintiff seeks to sue here and the addresses where those Defendants may be served.  The Corporation Counsel shall provide this information to Plaintiff and the Court within 60 days of the date of this Order.

Within 30 days of receiving this information, Plaintiff must file a second amended complaint naming the newly identified Defendants.  The second amended complaint will replace, not supplement, Plaintiff's original

complaint and amended complaint. A Second Amended Complaint form that Plaintiff should complete is attached to this Order. Once Plaintiff has filed a second amended complaint, the Court will, if necessary, issue an order directing the Clerk of Court to complete USM-285 forms with the addresses for the newly identified Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Court dismisses Plaintiff's official-capacity claims against all of individual Defendants who are New York City officers. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also dismisses Plaintiff's individual-capacity damages claims under 42 U.S.C. § 1983 against Defendants Taylor, Banks, Peters, Bratton, Malalis, Roberts, and Nigro without prejudice to Plaintiff's repleading those claims in a second amended complaint in which Plaintiff alleges those Defendants' personal involvement in the violations of his federally-protected rights.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Rodriguez, Williams, Desormeaux, the New York City Health and Hospitals Corporation, the City of New York, the Church Avenue Merchants Block Association, and the Interfaith Medical Center ("IMC") and deliver all documents necessary to effect service on those Defendants to the U.S. Marshals Service.

      The Clerk of Court is also instructed to send Plaintiff one U.S. Marshals Service Process Receipt and Return form for Defendant Bates and one for Defendant Rosario in order that they may be served as provided.

      The Clerk of Court shall serve a copy of this Order and the amended complaint on the Corporation Counsel of the City of New York at 100 Church Street, New York, New York 10007.

      A Second Amended Complaint form is attached to this Order.

      The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

      SO ORDERED.

Dated:    February 26, 2016
              New York, New York

                                              KATHERINE POLK FAILLA
                                              United States District Judge

---

*A copy of this Order was mailed by Chambers to:*

Victor M. Herrera
3167 49th Street
Apt 5D
Woodside, NY 11377