UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
**VICTOR M. HERRERA**,
                    Plaintiff

v.

**DANIEL RODRIGUEZ**, Deputy Director
30th Street Men's Shelter,
**IRIS RODRIGUEZ**, Deputy Commissioner,
**MICHAEL GARGLIARDI**, Deputy Commissioner,
**CAPTAIN STANLEY BATES**, Captain
**SERGEANT WILLIAMS, SERGEANT HOLDER,**
**SERGEANT MARTINEZ**
**POLICE OFFICERS SMITH; POLICE OFFICER TAYLOR,**
**GONZALEZ**
**DEPARTMENT OF HOMELESS SERVICES**
**MARK G. PETERS,** Commissioner
Department of Investigation,
**SAMUEL D. ROBERTS,** Commissioner
Office of Temporary Disability Assistance,
**DANIEL L. NIGRO**, Commissioner,
**JOHN DOE EMS & EMT'S**
Fire Department of City of New York,
**NEW YORK CITY HEALTH AND HOSPITAL**
**CORPORATION,**
**SERGEANT BLOW; POLICE OFFICER DIAZ; POLICE**
**OFFICER TRAPOLLI,** 73RD Precinct,
**SERGEANT D'ANDREA**, 75TH Precinct,
**JOHN & JANE DOE POLICE OFFICERS,** New York City
Police Department
**JOHN AND JANE DOE POLICE OFFICERS**, Department
Homeless Services,
**CITY OF NEW YORK**, et al
**CHURCH AVENUE MERCHANTS BLOCK ASSOCIATION**
**FREDDY C. DESORMEAUX,** Doctor, Interfaith Medical Center
**INTERFAITH MEDICAL CENTER**
**FJC SECURITY, JOHN & JANE DOE SECURITY OFFICERS**
                    Defendants.

**SECOND AMENDED**
**CIVIL ACTION 16CV162(KPF)**
**VERIFIED COMPLAINT**

**JURY CLAIM AS TO ALL**
**CLAIMS**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/11/16

S.D. OF N.Y.
2016 MAR 11 PM 1:15
RECEIVED
SDNY PRO SE OFFICE

1

## INTRODUCTION

**VICTOR M. HERRERA**, a resident and citizen of the United States and the State of New York hereby asserts the following claims against the defendants in the above-entitled action:

1. Violation of 42 USC §1983: False Arrest
2. Violation of 42 USC §1983: unlawful detention and confinement,
3. Violation of 42 USC §1983: Retaliation and conspiracy,
4. Violation of 42 USC §1983: deliberate Indifference,
5. Violation of 42 USC §1983 Cruel and Unusual punishment,
6. Malicious prosecution
7. Malicious abuse of process,
8. Assault and Battery
9. Intentional infliction of emotional distress,
10. Reserved for negligence (until 6 months after presentment), and
11. Reserved for negligent infliction of emotional distress (until 6 months after presentment)

## JURISDICTION

1. Jurisdiction of this Court arises under 28 USC §1331, 1337, 1343(a), and 1367(a); 42 USC §1983, 1985 and 1988; and 18 USC 1961-1968.

2. Jurisdiction of this Court for the pendent claims is authorized by F.R.Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in **United Mine Workers v. Gibbs**, 383 US 715 (1966).

## PARTIES

3. Plaintiff **Victor M. Herrera** is a natural person with a mailing address of 31-67 49th Street, Apt 5D, Woodside, New York 11377, County of Queens, State of New York, United States of America, and is a resident of the State of New York during all relative times of this action.

4. Defendant **Michael Gargliardi**, is the Deputy Commissioner of the **Department of Homeless Service** located at 33 Beaver Street, New York, NY 10004 **City of New York** appointed by the **Defendant City of New York** at all times material to the complaint, and was acting in his official capacity at all times relevant to this complaint.

5. Defendant **Iris Rodriguez**, is the Deputy Commissioner of the **Department of Homeless Service** located at 33 Beaver Street, New York, NY 10004, **City of New York** appointed by the **Defendant City of New York** at all times material to the complaint, and was acting in her official capacity at all times relevant to this complaint.

6. Defendant **Daniel Rodriguez**, is the Associate Director of 30th Street Men's Shelter located at 400-430 30th Street, New York, NY, appointed by Defendant **City of New York Commissioner Department of Homeless Service** at all times material to the complaint, and was acting in his official capacity at all times relevant to this complaint.

7. Defendant **Captain Stanley Bates** is a Captain for the **Department of Homeless Services, City of New York Defendants** Keener Building Wards Island, 1 Wards Island, New York, NY, appointed by Commissioner, Department of Homeless Services at all times material to the complaint, and was acting in his official capacity at all times relevant to this complaint.

8. Defendant **Sergeant Holder** is a Sergeant for the Defendants **Department of Homeless Services City of New York**, Keener Building Wards Island, 1 Wards Island, New York, NY, appointed by the Commissioner, Department of Homeless Services at all times material to the complaint, and was acting in his official capacity at all times relevant to this complaint.

9. Defendant **Sergeant Martinez** is a Sergeant for the Defendants **Department of Homeless Services City of New York**, assigned to the 30th Street Men's Shelter located at 400-430 East 30th Street, New York, NY, appointed by the Commissioner, Department of Homeless Services at all times material to the complaint, and was acting in his official capacity at all times relevant to this complaint.

10. Defendant **DHS Police Officer Gonzalez** is a Police Officer for the **Defendants Department of Homeless Services City of New York**, assigned to the 30th Street Men's Shelter located at 400-430 East 30th Street, New York, NY, appointed by the Commissioner, Department of Homeless Services at all times material to the complaints, and was acting in his official capacity at all times relevant to this complaint.

11. Defendant **DHS Police Officer Smith** is a Police Officer for the **Defendants Department of Homeless Services City of New York**, Keener Building Wards Island, 1 Wards Island, New York, NY appointed by the Commissioner, Department of Homeless Services at all times material to the complaint, and was acting in his official capacity at all times relevant to this complaint.

12. Defendant **DHS Police Officer Taylor** is a Police Officer for the Department of Homeless Services, Keener Building Wards Island, 1 Wards Island, New York, NY appointed by the Commissioner, Department of Homeless Services at all times material to the complaint, and was acting in his official capacity at all times relevant to this complaint.

13. Defendant **Sergeant Williams** is a Sergeant for the Department of Homeless Services, assigned to private not for profit contractor Defendant **Church Avenue Merchants Block Association (CAMBA Atlantic)** as Policing Enforcement appointed by Defendant **Department of Homeless Services (DHS) City of New York** at all times material to the complaint, and was acting in official capacity at all times relevant to this complaint.

14. Defendant **Mark G. Peters**, is the Commissioner of the Department of Investigations of the City of New York appointed by the **Defendant City Of New York** at all times material to the complaint and was acting in his official capacity at all times relevant to this complaint.

15. Defendant **Samuel D. Roberts,** is the Commissioner of the Office of Temporary Disability Assistance, appointed by the Governor of the State of New York, at all times material to this complaint, and the Agency primarily responsible for implementing procedures related to the conducting of Judicial Hearings for the State of New York, City of New York Social Services Law, and was acting in his official capacity at all times relevant to this complaint.

16. Defendant, **Daniel L. Nigro**, is the Commissioner of the Fire Department, City of New York, appointed by the **Defendant City of New York** at all times material to the complaint and was acting in his official capacity at all times relevant to this complaint.

17. Defendants **John Doe EMT & EMS FDNY** and others not presently known to the plaintiff were at all times material to the complaint, duly appointed **City of New York** employees for the **New York City Fire Department**, and were at all times relevant to this complaint.

18. Defendant, **New York City Health and Hospital Corporation** is the Municipal Health Care System in place responsible for overseeing the Hospitals Defendant(s), both public and private, in the appropriate enforcement of procedures and practices providing health care services to working and poor population of the City of New York and was at all times relevant to this complaint.

19. Defendant, **Sergeant Blow**, is an New York City Police Department Sergeant appointed by the Commissioner of the City of New York Defendants Police Department 73rd Precinct located in Brooklyn, NY and was at all times material to the complaint, and was acting in his official capacity at all times relevant to this complaint.

20. Defendant **Police Officer Diaz** is a New York City Police Department Officer for the City of New York Defendants Police Department 73rd Precinct located in Brooklyn, NY and was at all times material to the complaint, and was acting in his official capacity at all times relevant to this complaint.

21. Defendant **Police Officer Trapolli** is a New York City Police Department Officer for the City of New York Defendants Police Department 73rd Precinct located in Brooklyn, NY, and was at all times material to the complaint, and was acting in his official capacity at all times relevant to this complaint.

22. Defendant **Sergeant D'Andrea** is a New York City Police Sergeant for the **Defendant City of New York Police Department 75th Precinct** located in Brooklyn, NY and was at all times material to the complaint, and was acting in his official capacity at all times relevant to this complaint.

23. Defendants' **John and Jane Doe** and others not presently known to the plaintiff were, at all times material to the complaint, duly appointed **City of New York** employees for the **New York Police Department and Department of Homeless Services and Social Services** employees of the City New York and were at all times relevant to this complaint.

24. Defendants' **Church Avenue Merchants Block Association (CAMBA Atlantic)** is a private not for profit organization registered to engage in Business under the Laws of New York State and Local providing services to house or otherwise assist the Homeless and crisis faced citizens of the City of New York, and are contracted with the City of New York to provide housing and social services to the citizens of New York City faced with crisis at all times material to the complaint, and was at all times relevant to this complaint.

25. Defendants' **Interfaith Medical Center** is a private Multi-site community teaching health care system which provides a wide range of medical, surgical, gynecological, dental, psychiatric and pediatric center providing services throughout the City of New York, operating a 287 bed hospital facility located in Brooklyn, NY and was at times relevant to this complaint.

26. Defendant **Freddy C. Desormeaux MD,** is a psychiatrist at **Interfaith Medical Center** located in Brooklyn, NY, and was at all times relevant to this complaint.

27. Defendants', **FJC Security** is a privately owned security company contracted to the City of New York **Department of Homeless Services** and were at all time material to this complaint providing Security Support Services to the Defendants, **DHS and FDNY** and were at all times relevant to this complaint.

28. Plaintiff sues all public employees in their official and individual capacities.

29. At all times material to this complaint, Defendants are and were herein duly appointed and acting officers, servants, employees and agents of the **City of New York**, a municipal agency of Defendant **City of New York**, at all times relevant herein, the individual defendants were acting under color of the Laws, Statutes, Ordinances, Regulations, Policies, customs and/or usages of the State of New York and City of New York, in the course and scope of their duties and functions as officers, agents, servants and employees of Defendant **City of New York**, Were acting for, and on behalf of, and with power and authority vested in them by the City of New York and the **Department of Homeless Services, The Department of Investigation, Michael Gargliardi, Iris Rodriguez, Daniel Rodriguez, Captain Stanley Bates, Sergeant Holder, Sergeant Martinez, Sergeant Williams, DHS Police Officer Smith, Taylor & Gonzalez, Sergeant Blow & D'Andrea, NYPD Police Officers Diaz & Trapolli** and **John and Jane Doe** defendants for the defendants **FDNY John Doe and NYPD** were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

## NOTICE OF CLAIM

30. Plaintiff timely filed a Notice of Intention to File with the Corporation Counsel of the City of New York, setting forth the facts underlying plaintiff's claims against the defendants and City of New York.

31. The City assigned a claim number *2016PI002875 to* plaintiff's claim, and plaintiff has not been examined pursuant to N.Y. Gen. Mun. L §50-h.

5

32. To date, plaintiff has received no answer and no compensation has been offered by Defendant City of New York in response to this claim.

33. This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this complaint.

## FACTS

34. **August 21, 2014**, the plaintiff, **Victor M. Herrera**, applied for Temporary Cash and Food Assistance with the **Human Resource Administration (Case No. 07797688C)** (hereinafter **HRA Defendants'**) after experiencing a loss of employment with **Breen Brothers Towing Corporation** located at 3089 Richmond Terrace, Staten Island, NY 10303 on account of a labor dispute.

35. On or about **September 30, 2014**, the plaintiff entered and registered the 30th Street Men Shelter for Temporary Housing and assistance in obtaining suitable housing. (Client No.

36. On or about **September 30, 2014**, the plaintiff was the subject of an assault and battery perpetrated by Defendants **DHS John & Jane Doe Police** and without lawful authority, perpetrated an unprovoked attack upon plaintiff **Victor M. Herrera**. In an effort to cover up the wrongful unwarranted use of force, applied a wrongful use of a policy known as **Reporting of Emotionally Disturbed Persons (NYPD Patrol Guide 216)**

37. On or about **September 30, 2014**, the plaintiff was scheduled to meet with several **HRA** representatives (such appointments mandated by policy and procedures) for assessment and evaluation of need and establishing an Independent Living Plan, at 7:00 p.m. at the 30th Street Men's Shelter located at 400-430 30th Street, New York, NY.

38. On or about **September 30, 2014** the plaintiff arrived to his allotted appointment only to be told that **HRA** Housing Specialist had cancelled the in question appointment without notice. On or about **September 30, 2014**, the plaintiff was subjected to an unlawful imprisonment, restrain of liberty and arrest without cause when defendants **DHS Police John & Jane Doe** did falsely report plaintiff **Victor M. Herrera** as Emotionally Disturbed to Defendants **NYPD John & Jane Doe Police & FDNY John & Jane Doe EMS/EMT's** who after being informed of the unprovoked attack by **DHS Police Defendants** did restrain plaintiff, wrongfully imprisoned and forcefully transported plaintiff to the **City of New York HHC Bellevue Medical Center Psychiatric Ward**, causing him to be injected with a chemical and held involuntarily against his will.

39. On or about **September 30, 2014**, Defendants **DHS**, without provocation or justification, and solely to punish plaintiff, applied unnecessary use of force, resulting in unlawful imprisonment and report of what is known as **EDP (Emotionally Disturbed Person)** setting into motion Defendants **New York City Police Department** (hereinafter Defendant's **NYPD**) and Defendants **Fire Department of New York** (hereinafter **FDNY Defendants**) response that resulted in **unknown John Doe, MD** to inject plaintiff and justify the actions and inactions of **DHS** and **HRA** Defendants.

6

40. On or about **September 30, 2014,** Defendants **DHS**, along with the responding **NYPD & FDNY John Doe Defendants'** did join in violating plaintiff release from **Bellevue Hospital Center** Psychiatric Ward did file both verbal and written complaints to the defendant's **Department of Investigation** of the wrongful imprisonment and violation of his rights, for which defendant **DOI** failed to acknowledge or pursue inquiry, rather referred the complaint to the defendants **DHS General Counsel office** to investigate for which plaintiff never received any response.

41. On or about **February 7, 2015,** plaintiff has been reporting and submitting complaints of what he claimed were wrongful acts of retaliation with the wrongful use of a policy at the hands of the defendants **HRA, DHS, NYPD & FDNY**, complaints directed both to the respective agencies and 311, including defendants **DOI**, who have either deliberately disregarded or ignored the obvious signs of a pattern or practice that possessed all of the elements of a widespread pattern sufficient to entail an investigation.

42. On or about **February 7, 2015,** the plaintiff was demanding the return of his property as it has been a continuing concern that the defendants have been subjecting clients of the Shelter Facilities throughout the City of New York to unreasonable and unprecedented practices of releasing property late into the nights at the **DHS Volunteer of America Keener Building** located at 1 Wards Island, New York, NY. Plaintiff **Victor M. Herrera**, has been repeatedly attempting to have **DHS Defendants** to appropriately resolve the concern and/or change the manner of which the clients' property is held and released in the event of a transfer or loss of bed assignment.

43. On or about **February 7, 2015,** plaintiff was again the subject of a brutal unprovoked unwarranted use of force when defendants **DHS Police Sergeant Holder & DHS Police John & Jane Doe Officers** attacked him in response to the Volunteers of America staff were refusal to release plaintiff's property, and to enforce compliance with the unreasonable practice, engaged the improper and often unwarranted involvement of **DHS Police** in such affairs, subjecting him to numerous unwarranted and unnecessary uses of force because the practice was so common as to be impermissibly enforced and ratified with such knowledge of **DHS Defendants.**

44. On or about **February 7, 2015,** plaintiff was again the subject of a wrongful policy enforcement of **EDP** when **Defendant DHS Police Sergeant Holder** falsely reported plaintiff **Victor M. Herrera** emotionally disturbed, engaging the wrongful use of such policy resulting in the wrongful imprisonment by **DHS, NYPD, FDNY, & Lenox Hill Medical Center** and the wrongful injection of chemicals, causing plaintiff to fear for his safety and health.

7

45. On or about **February 7, 2015**, plaintiff was physically transported in restraints via **FDNY** against his will and subjected to assault and battery by **FDNY EMT/EMS John Doe Defendants** who deliberately placed a face mask on plaintiff to chill his objections and by force involuntarily held at **Defendants HHC Lenox Hill Medical Center Psychiatric Ward** and again forcefully injected with a chemical, wrongfully imprisoned and subjected to a cruel punishment that was the cause of a wrongful use of a policy to cover up unwarranted unprovoked attacks that were in response to plaintiff **Victor M. Herrera's** First Amendment activities.

46. On or about **February 27, 2015**, plaintiff was subjected to another physical assault and battery perpetrated by **Defendant Captain Stanley Bates** along with **Defendants DHS Police Officer Smith & Taylor**, using unnecessary and unwarranted force against the plaintiff **Victor M. Herrera**, to gain compliance of the refusal of **Volunteer of America** refusal to release his property, and did accost plaintiff by placing plaintiff in an illegal and dangerous **Chokehold**, deliberately placing plaintiff health and safety at risk, and knowing such actions to be lethal, carried plaintiff in such **chokehold** while **Defendants DHS Police Officers Smith & Taylor** held his legs, suspending plaintiff in the air. Plaintiff was unable to breath and circulation cut of causing plaintiff to lose consciousness.

47. On or about **February 27, 2015**, **Defendant Captain Bates** had caused to be reported a false alarm of an **EDP** to **NYPD 911 & FDNY**. Upon arrival, **John & Jane Doe NYPD Police Defendants** deliberately failed to acknowledge plaintiff's objections and allegations of being assaulted, and applied a wrongful policy enforcement of **EDP** against the plaintiff **Victor M. Herrera**, permitting the **DHS Defendants Captain Bates** and **DHS Police Officers Smith & Taylor** to cover up their misconduct and assault on plaintiff at the **Volunteer of America Keener Building** located at Wards Island.

48. Defendants **Captain Bates, Lt. Rosario & Sergeant Williams, FJC Security John & Jane Doe** were the cause of plaintiff to be improperly sedated on false information, resulting in an illegal injection of mood altering drugs. Plaintiff was placed under evaluation and held over his objections at the **Bellevue Hospital Psychiatric Ward** under wrongful restraint of liberty, resulting in plaintiff's late arrival at his place of employment, and the subsequent termination on account of punctuality. The plaintiff was held under the guise of legitimate **HRA/DHS** policy of which permitted the defendants to use a practice that impermissibly classified plaintiff **Victor M. Herrera** as an emotionally disturbed person; plaintiff was punished for having complained of defendants' actions.

49. On or about **April 2015**, plaintiff was transferred to 30th Street Men's Shelter in response to the complaints submitted surrounding a now noticed pattern of conduct intended to cause plaintiff serious physical injury and/or death at the hands of Defendant **City of New York DHS, NYPD, FDNY, DOI** failure to investigate the wrongful use of such policy **(NYPD Patrol Guide 216)** for which Defendant **City of New York** were aware of and failed to take measures to prevent.

50. On or about **July 22, 2015**, Defendant, **Daniel Rodriguez** without legal or lawful justification, and in retaliation for plaintiff having engaged in protected activity, did willfully cause plaintiff to be transferred to a shelter the defendant knew or should have known was not appropriately suited for the plaintiff, and did so intentionally and willfully in retaliation for plaintiff having filed several grievances against **Daniel Rodriguez, DHS Police Sergeant Martinez, DHS Police Officer Gonzalez** and **30th Street Men's Shelter.**

51. On or about **July 22, 2015**, plaintiff received notice that his official Shelter was **CAMBA Atlantic**, a 200 Bed Men's shelter classified as a Shelter for Homeless men suffering from Mental Illness Chemical Addiction, none of which neither **Defendants Daniel Rodriguez** nor **Iris Rodriguez** justified to authorize except as punishment for plaintiff having engaged in pursuing grievances and petitioning for the redress of grievances.

52. On or about **January 12, 2016,** the plaintiff was again the victim of an unprovoked attack by Defendant **Sergeant Williams** at **Defendant CAMBA Atlantic** located in Brooklyn, who without justification or lawful authority, attacked and assaulted the plaintiff **Victor M. Herrera**, and deliberately and impermissibly had caused the plaintiff to be alarmed resulting in injury to the plaintiff.

53. Defendant **Sergeant Williams**, without lawful authority and in an act of abuse of authority, physically arrested and restrained the plaintiff, **Victor M. Herrera**, and had cause to falsely report the plaintiff **EDP** to cause plaintiff to be restrained and unlawfully imprisoned by falsely reporting that plaintiff was emotionally disturbed to cover up the wrongful attack perpetrated against plaintiff, that was unprovoked and in no way lawfully within the authority of **Sergeant Williams** to perform, and was done sadistically and maliciously to cause fear and emotional distress.

54. Defendants' **Church Avenue Merchants' Block Association (Hereinafter CAMBA Atlantic)** had caused to permit plaintiff to be attacked by Defendant **Sergeant Williams**, when without provocation or justification, permitted, suborned or acquiesced in the unlawful and unwarranted attack, and falsely provided aide to **Defendant Sergeant Williams and Defendants' DHS** when they provided false information to support an unprovoked assault upon the plaintiff, thereby failing to uphold the plaintiff's State and Constitutional rights and equal protection of the law.

55. Defendants' **Interfaith Medical Center** had cause to injure plaintiff, when without lawful authority and ignoring the plaintiff **Victor M. Herrera's** objections, did hold plaintiff unlawfully and without legal justification, illegally searched and injected plaintiff **Victor M. Herrera** with a mind altering substance, illegally sedating the plaintiff against his will, even when plaintiff could easily be seen as no threat to himself or others, but was otherwise forcefully injected to silence his legal rights and privileges enjoyed by the Constitution of the United States and New York State.

56. Defendant **Freddy C. Desormeaux,** ignoring plaintiff's proclamations of wrongful use of a practice and the wrongful assault upon him by **DHS Police,** knowing he was without legal or medically justified, illegally had cause to threaten plaintiff, **Victor M. Herrera** and without upholding his medical oath, did have the plaintiff, **Victor M. Herrera** illegally injected with the mind altering chemical to silence plaintiff **Victor M. Herrera's** legal rights and privileges enjoyed by the Constitution of the United States and New York State

57. Since **March 2014,** plaintiff **Victor M. Herrera** has been the victim of numerous assaults and battery at the hands of numerous identified and unidentified **Defendants** and private contracted defendants **FJC Security,** issued false criminal violation summonses, employed by the defendant **City of New York DHS and HRA,** applying force of a malicious nature, all intended to chill Plaintiff, **Victor M. Herrera** first Amendment Right to petition for Redress of Grievances.

58. Since **March 2014,** plaintiff has been the victim of numerous service interruptions by identified and unidentified Defendants who were the motivating force behind the hostile environment that caused to be used a practice of provocation intended to improperly result in the unlawful imprisonment resulting from the unwarranted and unnecessary use of force that resulted in the improper report of **EDP** in the use of psychiatric restraints, unlawful imprisonments in City Hospitals Psychiatric Wards (**Bellevue, Lenox and Elmhurst**) and sedatives that were outrageous and cruel and inhumane.

59. Since **March 2014,** plaintiff has been the victim of numerous unlawful imprisonments and restraints on account of **Defendants' DHS, HRA, FJC Security, NYPD & FDNY** permitting unlawful acts of misconduct to injure plaintiff **Victor M. Herrera,** under false pretense of lawful authority, acting in concert with Defendants' **DHS, HRA, FJC Security & HHC** in the improper use of reporting and restraining the plaintiff as an emotionally disturbed person by deliberately failing to follow the appropriate guidelines in the evaluation and determination, and otherwise permitting, suborning, or acquiesced in the unlawful practice by providing false information to cover up that the practice was being used unlawfully against unsuspecting citizens, and that plaintiff has been the subject of over four (4) different incidents of which the practice was used unlawfully against him to cause harm.

60. Since **July 2015,** plaintiff **Victor M. Herrera** was forced to exit the Department of Homeless Services under conditions that proved hostile and intended to obstruct the plaintiff's reception of services by the actions undertaken by Defendants **City of New York, DHS, HRA, FJC Security and Iris Rodriguez Daniel Rodriguez collectively,** who deliberately and with malicious intent abused the policies and procedures intended for housing placement, to be used to plaintiff, **Victor M. Herrera** disadvantage, placing plaintiff in an unsuitable shelter specifically for the mentally ill and chemically addicted (Dependent) as a response to his complaints, intending to make plaintiff's remaining in shelter a discouraging one.

61. Since **May 2015**, the plaintiff **Victor M. Herrera** has been forced to sleep in parks and subways stations on account of the fear of continuous and repeated physical abuses at the hands of defendants, **DHS, HRA, FJC Security, Captain Bates, John and Jane Doe and City of New York** deliberate indifference to a known and obvious consequence of their actions or inactions. The plaintiff has been the victim of theft, robbed of his personal belongings, the loss of employment and personal effects since the defendants failed to provide the necessary services in prevention and aid to prevent economic crisis from worsening, however created a systemic pattern of behavior intended to punish plaintiff, **Victor M. Herrera** for his first amendment protected activity resulting in further worsening of economic crisis.

62. The defendant(s) actions were intended to punish plaintiff and was part of a widespread pattern of behavior displayed by the Defendant Superiors in the **DHS** and **HRA**, and repeatedly turned a blinds eye to the behavior, taking no preventative precautions to divert the retaliatory actions which caused the harm alleged herein. On information and belief, Defendant **City of New York** has, acting through its **NYPD, FDNY, DHS, DOI, and HRA**, developed, implemented, enforced, encouraged, and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by engaging in grievances and documenting complaints and/or misconduct, for which plaintiff also seek to vindicate his rights to be free of unlawful search, seizure, arrest and use of illegal excessive force by defendants in retaliation for such activities.

63. On or about **February 2016**, following plaintiff's transfer from **CAMBA Atlantic Men's Shelter** to **Services for the Underserved** located at 1000 Blake Ave, Brooklyn, NY, another 200 Bed Men's Shelter for the Mentally Ill Chemically Addicted, Plaintiff was subjected to a host of other restrictive measures intended by Defendants' **DHS & City of New York** to punish plaintiff in an effort to cover up the gross misconduct and attack the veracity of his claims by maintaining plaintiff in a shelter unsuitable for his needs. The defendants, **City of New York DHS, HRA, OTDA, NYPD, FDNY, HHC & FJC** were all part of such design to eject clients from Shelter and/or Job Centers in response to clients such as the plaintiff here, from obtaining or receiving benefits, whether delayed or ejected, forced to experience a deprivation of services protected by State Law, with such design to implement the wrongful use of **EDP** as a backdoor approach to State Law provisions.

64. On or about **February 15, 2016**, after numerous complaints and demands for **State Fair Hearings**, Defendants **DHS, FJC Security & NYPD Sergeant D'Andrea** subjected plaintiff to another unwarranted **EDP** under the threat of arrest if plaintiff did not comply with **Defendant Sergeant D'Andrea** direction to leave with responding EMT's. Responding EMT's, after being advised of the potential continued violation of plaintiff's Federal and State Constitutional Rights in relation to the practice agreed to transport, though involuntary, plaintiff to **Woodhull Medical Center** located in Brooklyn following plaintiff's objection to be taken to **Defendant Interfaith Medical Center**.

65. On or about **February 15, 2016**, after several attempts to reason with Defendant **Sergeant D'Andrea** to avoid further possible injury or health related risk to plaintiff related to the practice, **Sergeant D'Andrea** threatened plaintiff with arrest for trespassing and possible tasing if plaintiff refused to comply with the **EDP** and be examined. Following the wrongfully applied EDP, plaintiff was transported to **Woodhull Medical Center**, and immediately cleared upon disclosing the nature of the practice and liability consequence if plaintiff was not immediately released from the wrongful imprisonment.

## CAUSES OF ACTION
## FIRST CLAIM: EXCESSIVE FORCE
## DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 USC§1983

66. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

67. The conduct and actions of Defendants **DHS Deputy Commissioner Michael Gargliardi, DHS Police Captain Stanley Bates, Sergeant Martinez, Sergeant Holder, Lt. Rosario, Sergeant Williams, DHS Police Taylor, Smith, & Gonzalez, John & Jane Doe, FJC Security John & Jane Doe Security Officers, and unknown Social Service Defendants** acting under the exclusive authority of the **City Defendants**, acting in concert and under the color of law, in authorizing, directing and/or causing plaintiff to be attacked by **DHS, HRA Police and FJC Security Defendants**, applying unnecessary force to comply with unreasonable demands deliberately, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of plaintiff's rights as guaranteed under 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force.

68. As a direct and proximate result of the foregoing, plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

## SECOND CLAIM: DENIAL OF MEDICAL CARE
## DEPRIVATION OF RIGHTS UNDER THE FOURTEENTH AMENDMENT AND 42 USC§ 1983

69. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

70. Members of the **NYPD, FDNY, DHS and HRA Police** have an affirmative duty to seek medical attention of persons who are injured in the course of being apprehended by the Police.

71. **Defendants Lieutenant Rosario, DHS Captain Stanley Bates, Sergeant Holder, Sergeant Martinez, Sergeant Williams, DHS Police Taylor, Smith & Gonzalez, John and Jane Doe Police**, along with **Defendants' Michael Gargliardi, Iris Rodriguez, Daniel Rodriguez, DHS and HRA Police** were part of a design intended to cause plaintiff **Victor M. Herrera** harm when plaintiff was subjected to transfers of a retaliatory nature to punish him, and **DHS and HRA Police** subjecting plaintiff to unnecessary force apprehensions, physical assaults and battery's, punching plaintiff and forcefully twisting plaintiff's arms behind him with no resistance from the plaintiff, at 5'7", 135 lbs. In Addition, **Captain Bates** illegal application of a chokehold placed plaintiff in urgent need of medical attention but defendants **Captain Bates, Lt. Rosario, Sergeant(s) John and Jane Doe** took no action to provide or request medical care for Mr. Herrera, disregarding the obvious risk to plaintiff's health, rather illegally initiated a report to **NYPD & FDNY** Defendants' of an **emotionally disturbed person (EDP)**, and provoking his unlawful imprisonment and restraint by **NYPD, FDNY, HHC** and the improper injection of anti-psychotic chemicals unlawfully and against the plaintiff's objections.

72. The conduct and actions of defendants **NYPD, FDNY, Lieutenant Rosario, Captain Stanley Bates, Sergeant Holder, Sergeant Martinez, Sergeant Williams, DHS Police Taylor, Smith & Gonzalez, John and Jane Doe Sergeants, DHS, HRA Police, FJC Security and HHC, NYPD, FDNY, FJC Security, CAMBA Atlantic & Interfaith Medical Center,** acting under color of law in failing to request or obtain medical attention for **Mr. Herrera**, was unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for plaintiff's serious medical needs, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of plaintiff's substantive Due Process Rights as guaranteed under 42 USC§ 1983, and the Fourteenth Amendment to the United States Constitution.

73. As a direct and proximate result of the foregoing, plaintiff was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

**THIRD CLAIM: DEPRIVATION OF RIGHT TO PETITION AND EXPRESSION**
**DEPRIVATION OF RIGHTS UNDER THE FIRST AND FOURTEENTH AMENDMENTS**
**AND 42 USC§ 1983**

74. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

75. The above described conduct and actions of the individual defendants, acting under color of law, deprived plaintiff of his rights to **petition and expression**, was done due to defendants' **personal animus and bias** against the content of plaintiff's grievances and speech; was done to interfere with, and chill the exercise of his **right to petition for the redress of grievances**, and additionally a pattern of conduct intended to succeed in attacking the plaintiff's credibility to the accounts herein alleged and complained of, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious pain and suffering in violation of plaintiff's constitutional rights as guaranteed under 42 USC§ 1983, and the First and Fourteenth Amendments to the United States Constitution.

76. As a result of the foregoing, plaintiff suffered the injuries and damages set forth above.

**FOURTH CLAIM**
**MONELL CLAIM AGAINST THE CITY OF**
**NEW YORK-42 USC§1983**

77. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

78. The **City of New York** directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the defendant employees, agents, officers and servants of the City of New York. The conduct of the defendant officers was a direct consequence of policies and practices of **Defendant City of New York.**

79. At all times relevant to this complaint **Defendant City of New York**, acting through the **DHS, HRA, NYPD, FDNY, HHC, FJC Security, CAMBA Atlantic, Interfaith Medical Center Defendants**, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual **Defendants**, and were a direct and proximate cause of the damages and injuries complained of herein.

80. The November 1, 2014 incident of plaintiff complaining to staff and objecting to the conduct of the defendant employees, including the practice of enforcing policies that permitted the **FDNY, NYPD, DHS, HRA and HHC** to punish plaintiff using means that permitted the use of legitimate practices for illegitimate purposes, deliberately circumventing the policies to meet their illegal conduct in covering up the misconduct. The November 1, 2014 incident were among the first of many events in which plaintiff was subjected to the inhumane treatment at the hands of numerous staff, agents, employees and servants of the **Defendant City of New York.**

81. At all times relevant to this complaint, **Defendant City of New York**, acting through its **employee police of DHS, HRA, NYPD, FDNY and FJC Security**, and through the individual defendants, **NYPD, FDNY & HHC** had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individual having engaged in first amendment activities. Upon information and belief, **Defendant City of New York** planned and implemented a policy, practice, custom and usage of controlling complaining clients in the **New York City Shelter** System and **Human Resource Administration Business** offices by permitting **NYPD, FDNY, DHS, HRA Police, FJC Security, HHC, & Social Services agents** employed to provide services to the needy and homeless to use indiscriminately procedures in place for persons suffering from and diagnosed emotional and mentally disturbed persons against the plaintiff, to deliberately cover up the misconduct of unwarranted use of force and excessive force.

82. In connection with the plaintiff's own complaints against staff and police, the **City of New York** consciously disregarded the illegality and unconstitutionality of said detentions, use of force, and retaliation in order to punish and suppress complaining clients from pursuing grievances by provoking such hostility toward clients, creating a hostile environment and deliberately attacking clients without provocation. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

83. The existence these unconstitutional customs and policies, specifically as it relates to client's applying for Social Service Benefits, is evidenced by the countless repeated occurrences of similar wrongful conduct.

84. **The City of New York** knew or should have known of the defendant(s) Officers' propensity to engage in misconduct of the type alleged herein. Upon information and belief, prior to November 1, 2014, the **City of New York** was aware of several complaints of Police Misconduct involving the use of excessive force and retaliatory use of force against the plaintiff by members of **DHS and HRA Police**. Despite its knowledge of such incidents of prior misconduct, the **City of New York** failed to take remedial action.

85. Additionally, the **City of New York** knew or should have known more specifically of **Daniel Rodriguez, Captain Bates, Lt. Rosario, Sergeant Williams and John and Jane Doe Defendants'** propensity to engage in misconduct of the type alleged herein and to lie to cover up such misconduct, deliberately abusing the process and engaging in malicious prosecutions of the plaintiff. Upon information and belief, prior to November 1, 2014, the **City of New York** was aware of numerous claims of constitutional violations involving defendants as documented in numerous complaints. Despite its knowledge of such incident of prior misconduct, **the City of New York** failed to take remedial action.

86. It was the policy and/or custom of the **City of New York** to inadequately and improperly investigates citizen complaints of Police misconduct, and acts of misconduct were instead tolerated by the **City of New York**, including but not limited to, incidents listed above.

## FIFTH CLAIM
## ARTICLE I, § 11 OF THE NEW YORK
## STATE CONSTITUTION

87. Plaintiff repeat and re-allege by reference paragraphs 1 through 53 as if fully set forth herein.

88. The acts of Defendants, acting under color of law, in arresting Plaintiff and in physically assaulting Plaintiff were motivated by a retaliatory animus, racially motivated and were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering to the plaintiff in violation of his Constitutional rights to equal protected as guaranteed by Article 1, Section 11 of the Constitution of the State of New York.

89. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff **Victor M. Herrera** and violated his rights as guaranteed by the Constitution of the State of New York.

## SIXTH CLAIM
## ARTICLE I, § 12 OF THE NEW YORK
## STATE CONSTITUTION

90. Plaintiff repeat and re-allege by reference paragraphs 1 through 56 as if fully set forth herein.

91. The acts of Defendants, acting under color of law, in subjecting Plaintiff **Victor M. Herrera** to unlawful search and seizure, arrest and excessive force by physically assaulting Plaintiff were done without reasonable suspicion or probable cause and were designed to, and did cause, specific and serious bodily harm, pain and suffering to the plaintiff in violation of his Constitutional Rights as guaranteed by Article 1, Section 12 of the Constitution of the State of New York.

92. The foregoing act and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff **Victor M. Herrera** and violated his rights as guaranteed by the Constitution of the State of New York.

## SEVENTH CLAIM
## STATE COMMON LAW MALICIOUS PROSECUTION

93. Plaintiff repeat and re-allege by reference paragraphs 1 through 59 as if fully set forth herein.

94. By their conduct, as described herein, Defendants are liable to Plaintiff for having committed malicious prosecution under the laws of the State of New York.

95. Defendants maliciously commenced criminal proceedings against Plaintiff, **Victor M. Herrera**, charging plaintiff with Disorderly Conduct and Trespassing, and Obstruction of Governmental Administration. Plaintiff was falsely and without probable cause charged with violations of the Laws of the State of New York.

96. The commencement and continuation of the criminal proceedings against Plaintiff **Vitor M. Herrera** was malicious and without probable cause.

97. All charges were terminated in Plaintiffs' favor.

98. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of Plaintiff'. Defendant City of New York, as an employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

99. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

**EIGHTH CLAIM**
**CLAIMS AGAINST NOT FOR PROFIT**
**CAMBA ATLANTIC**

100. The Defendants', **CAMBA Atlantic**, were involved in the constitutional violations when it otherwise failed to protect, prevent or otherwise stop the unconstitutional unprovoked attacks occurring in their Facility by City employees, and otherwise permitted, suborned and acquiesced in the unconstitutional violations that included the improper reporting of emotionally disturbed persons by soliciting, participating and engaging in the unconstitutional violations against the plaintiff, **Victor M. Herrera,** and if not for their own culpability in the submission of documents and/or providing support to false claims of defendants' **City of New York** and its' agency's, that plaintiff, **Victor M. Herrera** would otherwise not be subjected to, allowed such behavior to go unchecked and unreported.

101. As a direct and proximate result of the misconduct and failure to prevent or protect plaintiff, **Victor M. Herrera**, the defendant **CAMBA Atlantic** were just as culpable in allowing the unconstitutional injury to manifest and plaintiff to be subjected to, thereby sustaining the damages to plaintiff alleged herein.

## NINTH CLAIM
## CLAIMS AGAINST FOR PROFIT INTERFAITH MEDICAL CENTER

102. The Defendants', **Interfaith Medical Center**, were involved in the unconstitutional violations when it otherwise failed to protect, prevent or otherwise stop the unconstitutional violations to occur when it failed to provide medical attention, and otherwise permitted, suborned and acquiesced in an unconstitutional practice of medical malpractice by deliberately holding citizens otherwise falsely reported as emotionally disturbed persons **(EDP)** against their will, intentionally solicit, participate or willfully disregard a known and obvious consequence of applying unnecessary medical and/or psychiatric treatment to plaintiff, **Victor M. Herrera**, and deliberately injecting anti-psychotic mind altering chemicals to an unwilling and falsely reported plaintiff, and permitting employees licensed to practice medicine unlawfully against another without legal and/or lawful justification, in violation of plaintiff, **Victor M. Herrera's** rights guaranteed under the Constitution of the United States and New York State Constitution.

103. As a direct and proximate result of the misconduct and failure to prevent or protect plaintiff, **Victor M. Herrera**, the defendant **Interfaith Medical Center** permitted, allowed, suborned and acquiesced in the unjustified medical applications that resulted in plaintiff being subjected to the unlawful imprisonment and injection of mind altering chemicals into his body by the direction of Defendant **Freddy C. Desormeaux** and were as culpable in allowing the unconstitutional injury to occur even over the plaintiff's rational objections that were rational and in the absence of such standards of care as to be cruel and inhumane and therefore permitted plaintiff to be subjected to, thereby sustaining the damages to plaintiff alleged herein.

## TENTH CLAIM
## CLAIM AGAINST DOCTOR FREDDY C. DESORMEAUX

104. The Defendant, **Freddy C. Desormeaux**, A Doctor employed by Defendant **Interfaith Medical Center**, deliberately and without lawful authority, in violation of plaintiff **Victor M. Herrera's** constitutional and state law rights, deliberately ignored a known and obvious consequence of his illegal and unethical conduct when he held the plaintiff against his wishes in the facility's Psychiatric Ward, having full capacities to assess the situation and arrive at a prompt determination to release plaintiff, and without lawful justification and over plaintiff own legal objections, chose to restrain plaintiff **Victor M. Herrera** and forcefully inject plaintiff with a mind altering chemical, the defendant knew he had no lawful right to administer, and subjecting plaintiff, **Victor M. Herrera**, to an illegal seizure in violation of his rights, privileges and immunities guaranteed by the Constitution of the United States and New York State Constitution.

105.    As a direct and proximate result of the misconduct of Defendant **Freddy C. Desormeaux**, the plaintiff, **Victor M. Herrera**, the defendant **Interfaith Medical Center** permitted, allowed, suborned and acquiesced in the unjustified medical applications that resulted in plaintiff being subjected to the unlawful imprisonment and administering of mind altering chemicals into his body by the direction of Defendant **Freddy C. Desormeaux** and defendant **Freddy C. Desormeaux** deliberately chose to administer against his medical oath, an unconstitutional injury even over the plaintiff's rational objections that were rational and in the absence of such standards of care as to be cruel and inhumane and therefore permitted plaintiff to be subjected to, thereby sustaining the damages to plaintiff alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff **Victor M. Herrera** pray for relief as follows:

1) A declaration that Defendants' conduct violated the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution and Plaintiff rights under the New York State Constitution and State common law in the manners alleged herein, upon consideration of the evidence adduced at trial or otherwise;
2) A mandatory injunction requiring that Defendants possessing any arrest information arising from the actions complained of herein shall collect and deliver to the Plaintiff's all such records and expunge or delete all such information from their records;
3) An injunction enjoining Defendants from engaging in conduct to unlawfully disrupt, disperse, interfere with or prevent the lawful First Amendment activities explained of herein
4) A mandatory injunction mandating Defendants to implement immediate policies and procedures that require the immediate removal and placement of individual clients such as the plaintiff, into suitable housing or low income housing, as it just and equitable under the circumstances.
5) A mandatory injunction mandating Defendants' **City of New York** to implement immediate policies and procedures that relate to the reporting and use of **Emotionally Disturbed Persons(EDP)** that appropriately applied and monitored in their use of and enforcement of, when such procedures are used in settings such as those of the Defendants' **NYPD, FDNY, DHS and HRA**
6) A Temporary Restraining Order prohibiting and/or enjoining Defendants' from using or otherwise applying such practices against the plaintiff, **Victor M. Herrera** as a form of punishment and/or retaliation, and that defendants' be permanently enjoined from engaging in the use of and application of such policies and procedures against the plaintiff absent the proscribed procedures of requiring appropriate medical and/or psychiatric evaluation within a reasonable time table in determining the patients mental state of whether such person poses a threat to himself or others.

7) Award plaintiff compensatory damages in the amount of **$250,000.00** against the Defendants, including, but not limited to any emotional distress, recompensable costs related to criminal defenses, and any other compensatory damages as permitted by law and according to proof at trial;

8) Award Plaintiff **Victor M. Herrera** punitive damages.

9) Award Attorney Fees pursuant to 42 U.S.C.§ 1988;

10) Award cost of suit pursuant to 42 U.S.C. §§1920 and 1988; and

11) Award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Dated: March 10, 2016

Respectfully submitted,

Victor M. Herrera

I, **Victor M. Herrera**, declares under the penalty of perjury that:

I am the plaintiff/claimant in the above entitled action and **Verified Complaint**. That I have read the contents thereof and know the contents; that the same is true to my own knowledge and belief, except as to matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

**Respectfully Submitted,**

Victor M. Herrera
**Plaintiff Pro Se**
3167 49th Street, Apt 5D
Woodside, New York 11377
T. 347-932-2005
E. Victorherrera93@gmail.com