

**Kaufman Dolowich & Voluck, LLP**
Court Plaza South
21 Main Street, Suite 251
Hackensack, New Jersey 07601-7086

Telephone: 201.488.6655
Facsimile: 201.488.6652

www.kdvlaw.com

**Kenneth B. Danielsen, Esq.**
**Direct Dial:  917-690-5156**
**Email: kdanielsen@kdvlaw.com**

April 7, 2016

<u>Via ECF and Electronic Mail</u>

United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

Attn:   Hon. Katherine Polk Failla
<u>United States District Judge</u>

Re:   *Victor M. Herrera v. Rodriguez, et al.* – Docket #: No. **16-cv-00162** (KPF)
<u>Request for Pre-Motion Conference Regarding Rule 12(b)(6) / 12(e) Motion</u>

Dear Judge Failla:

We represent the defendant CAMBA, INC., *incorrectly sued here as* "Church Avenue Merchants Block Association" and sometimes referred to as "CAMBA Atlantic" by plaintiff in the Second Amended Complaint (hereinafter simply referred to as "CAMBA").

This letter is submitted pursuant to your Honor's Individual Rules of Practice in Civil Cases §§ 2(A); 2(H) and 4(A).  CAMBA hereby requests a pre-motion conference and/or a scheduling order, with leave permitting CAMBA to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim for which relief may be granted, or in the alternative, pursuant to Fed. R. Civ. P. 12(e), for a more definite statement.

The undersigned spoke with plaintiff, *pro se*, Victor Herrera this morning on the telephone and informed Mr. Herrera that this letter would be filed today and that pursuant to section 4(A)(i) of your Honor's Individual Rules, Mr. Herrera has the right to respond to this letter and that he should do so within 3-days.  During the conversation, Mr. Herrera confirmed that the sole claim against CAMBA falls under the Eighth Cause of Action of the Second Amended Complaint (*See* Doc. No. 9).

The Eighth Cause of Action sets forth:

> 100.   The defendants' CAMBA Atlantic, were involved in the constitutional violations when it otherwise failed to protect, prevent or otherwise stop the unconstitutional unprovoked attacks occurring in their facility by City employees, and otherwise

> permitted, suborned and acquiesced in the unconstitutional violations that included the improper reporting of emotionally disturbed persons by soliciting, participating and engaging in the unconstitutional violations against the plaintiff, Victor M. Herrera, and if not for their own culpability in the submission of documents and/or providing support to false claims of defendants' City of New York and its' agency's (SIC) that plaintiff, Victor M. Herrera would otherwise not be subjected to, allowed such behavior to go unchecked and unreported.
>
> 101.   As a direct and proximate result of the misconduct and failure to prevent or protect plaintiff, Victor M. Herrera, the defendant CAMBA Atlantic were just as culpable in allowing the unconstitutional injury to manifest and plaintiff to be subjected to, thereby sustaining the damages to plaintiff alleged herein.

Plaintiff's factual allegations against CAMBA are set forth at ¶¶ 51 through 54 of the Second Amended Complaint.  In sum and substance, ¶¶ 51 through 53 allege that CAMBA was a facility for people with mental illness and/or substance abuse issues and that plaintiff was placed their incorrectly.  It is further claimed at ¶¶ 51 through 53 that the alleged assault by defendant Sergeant Williams occurred at a CAMBA facility.  Finally, ¶54 alleges that CAMBA:

> … caused to permit plaintiff to be attacked by defendant Sergeant Williams when without provocation or justification, permitted, suborned or acquiesced in the unlawful and unwarranted attack and falsely provided aide to Defendant Sergeant Williams and Defendants' DHS when they provided false information to support an unprovoked assault upon the plaintiff, thereby failing to uphold the plaintiff's State and Constitutional Rights and Equal protection of the law.

Even when reading the cause of action and factual claims against CAMBA in such a way as to "raise the strongest arguments that they suggest" as is required in a *pro se* case [*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)]; the claims against CAMBA should still be dismissed.  As best can be understood from the allegations of the Second Amended complaint, it would seem that plaintiff claims that CAMBA: **i) failed to protect plaintiff's constitutional rights against the various City and Municipal actors sued here; ii) provided "false information" to City and Municipal actors, which lead to his arrest; iii) was complicit in plaintiff's incorrect placement at the CAMBA facility; and iv) owned the physical site where the alleged assault by Sergeant Williams occurred.**

With respect to Claims i and iv identified above – Inasmuch as it would seem that plaintiff's claims arise under 42 U.S.C. § 1983 and/or Sections 11 and 12 of Article 1 of the New York State Constitution[1], defendant CAMBA cannot be held liable.  CAMBA has no duty to

---

[1] For the purposes of the analysis here, the provisions of the New York Constitution are deemed to be analogous to those alleged under the Federal Constitution. *See generally, Pinnacle Nursing Home v. Axelrod*, 928 F.2d 1306, 1317 (2d Cir. 1991).

protect plaintiff's constitutional rights against state actors, nor can CAMBA be held liable for alleged constitutional misconduct. It is well settled that Private entities that provide shelter/housing services are not liable under Section 1983 for constitutional claims because public housing is not a function that is the "exclusive prerogative of the state." *George v. Pathways to Hous., Inc.*, No. 10 CIV. 9505 ER, 2012 WL 2512964, at *4 (S.D.N.Y. June 29, 2012). CAMBA owed no duty to plaintiff to guard against constitutional harm, nor did CAMBA have the duty or even the authority to interfere with sworn law enforcement officers in carrying out an arrest or detention of a suspect. Even if the claims against CAMBA are read in the most liberal and forgiving manner; plaintiff has still failed to state a claim against CAMBA.

With respect to Claim ii identified above – it appears that plaintiff claims that CAMBA provided "false information" to City and Municipal actors, which contributed to the alleged assault, arrest and confinement of plaintiff. There are insufficient facts plead to support this claim. In order to recover for false arrest and/or malicious prosecution, "a plaintiff must establish four elements: that a criminal proceeding was commenced; that it was terminated in favor of the accused; that it lacked probable cause; and that the proceeding was brought out of actual malice." *Lupski v. Cty. of Nassau*, 32 A.D.3d 997, 998 (2d Dept. 2006). It is equally settled that "a civilian defendant who merely furnishes information to law enforcement authorities who are then free to exercise their own independent judgment as to whether an arrest will be made and criminal charges filed will not be held liable for malicious prosecution … The defendant must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his own volition." *Id.* The requisite facts are simply not plead to support such a claim.

Finally, with respect to claim iii identified above – that plaintiff was improperly placed at CAMBA, it is well settled that "there is no constitutional guarantee of access to dwellings of a particular quality." *George v. Pathways to Hous., Inc.*, No. 10 CIV. 9505 ER, 2012 WL 2512964, at *4 (S.D.N.Y. June 29, 2012) and *Young v. Halle Hous. Associates, L.P.*, 152 F. Supp. 2d 355, 365 (S.D.N.Y. 2001). "Improper placement," even if it was "improper," is not actionable.

Respectfully, none of the allegations in the Second Amended Complaint give rise to a valid cause of action against CAMBA under any cognizable theory or recovery, and as such, the complaint against CAMBA should be dismissed. Alternatively, defendants request relief under Fed. R. Civ. P. 12(e), and that plaintiff be required to file a more definite statement as to the claims against CAMBA.

The Court's consideration in this matter is greatly appreciated. The foregoing letter is,

Respectfully submitted,

Kenneth B. Danielsen (KD9176)

4840-1535-2112, v. 1