**VICTOR M. HERRERA**
**3167 49TH STREET, APT 5D**
**WOODSIDE, NEW YORK 11377**
**T. 347-932-2005**
E. **Victorherrera93@gmail.com**

April 11, 2016

**HAND DELIVERED**

**United States District Court**
**Southern District of New York**
**40 Foley Square, Room 2103**
**New York, New York 10007**

**Failla_NYSChambers@nysd.uscourts.gov**

**Attn: Hon. Katherine Polk Failla**
        **United States District Judge**

**Re:** Victor M. Herrera v. Rodriguez, et al. –Docket No. 16-CV-00162(KPF)
    Reply to Defendant **CAMBA** Request for Pre-Motion Conference Regarding Rule 12(b)(6)/12(e) Motion/Plaintiff Request For a Pre-Conference Motion for a Preliminary Injunction and/or Temporary Restraining Order for Defendant City Of New York

Dear Judge Failla

I am the plaintiff appearing Pro Se, suing the City of New York defendants, CAMBA ATLANTIC (CHURCH AVENUE MERCHANTS BLOCK ASSOCIATION) and numerous City agencies and private organizations under 42 USC §1983 for violations of numerous Constitutional violations, including the deliberate indifference of City Defendants in failing to take steps to prevent the assaults and battery's under the guise of legitimate use of force.

1

This letter is submitted pursuant to your Honor's Individual Rules of Practice in Civil Cases §§ 2(a); 2(H) and 4(A). The plaintiff hereby requests a pre-motion conference and/or scheduling order equal to that of Defendant CAMBA, however requests that the pre-conference include Defendant City of New York, and that any motion for the consideration of dismissal under the Rule 12(b)(6)/12(e) be denied under the theory held in this circuit in **Pittman v. Grayson,** 149 F.3d 111 (2d Cir 1998) where this Court held:

> *"**Concerted**-action liability under New York law is based on principle that all those who, in pursuance of common plan or design to commit a tortious **act**, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, are equally liable with him."* (Emphasis Added)

**Id. At 119** Here, the plaintiff pleads that Defendant CAMBA, along with City Defendants were aware of deliberate conduct intended to harm the plaintiff because of his pursued First Amendment grievances and State Law Hearings. City Defendants as well as CAMBA Defendants were in the know when defendant was attacked by Defendant Sergeant Williams, and otherwise failed to advise or inform NYPD responding defendants of the unprovoked and unwarranted attack. Even when reading the cause of action and factual claims against CAMBA in such a way as to "raise the strongest arguments that they suggest" as is required in a pro se case **Triestman v. Fed. Bureau of Prisons**, 470 F.3d 471, 474 (2d Cir. 2006)]; the plaintiff pleads that the causes of action setting out the participation and culpability of each defendant pleaded sets out a pattern of misconduct intentionally engaged to punish plaintiff for his having pursued the sort of reform activities that impacted on his assessment and placement, and the improper labeling of plaintiff as a Mentally Ill Chemically addicted client justifying his placement in such shelter.

Defendant CAMBA cannot have it two ways. First, a motion to dismiss can only be granted if there are insufficient facts pleaded to support the claim. However, plaintiff must be permitted to demonstrate the elements of a false arrest and malicious prosecution claim and defendant CAMBA will have ample opportunity to seek discovery of such supported claims as the plaintiff will demonstrate how each defendant aided the other in the violations of his Constitutional Rights. Numerous complaints and grievances went undeterred and defendant City of New York were aware that placement needs were not being met, which equally questioned the conditions he was being subjected to were intended as harm rather than supposed treatment, as is evident from the conduct of Defendant Daniel Rodriguez. CAMBA Defendants are therefore not entitled to dismissal under Rule 12(b)(6)/12(e) and it is hereby requested that this submission be accepted as a more <u>definite statement</u> as requested by defendant CAMBA.

Plaintiff is requesting an immediate Pre-motion Conference and will appear Pro Se to submit a request for a **Preliminary Injunction and/or Temporary Restraining Order** from his original pleadings in that defendants City of New York have been deliberately ignoring an obvious consequence of failing to cease and desist Defendants employees DHS Police from repeatedly assaulting and applying unwarranted use of force under the guise of legitimate policy enforcements, in that plaintiff has been the subject of intense DHS Police Practices intended to punish plaintiff for his having objected to treatment and conditions of his placement. The plaintiff has been the subject of repeated false issuance of summonses and EDP's all under the pretext of legitimate policy enforcement. Plaintiff is requesting that he be permitted to demonstrate the need for a **Preliminary Injunction and/or Temporary Restraining Order** in that while plaintiff remains sheltered by City Defendants, defendants are allowed an advantage over the plaintiff that has repeatedly resulted in outrageous conduct by DHS Police Defendant.

If Defendant City of New York is not **Prohibited** from the repeated abuses and plaintiff is repeatedly exposed and/or subjected to such controlled retaliatory measures, plaintiff will suffer irreparable harm in that it has been impacting on his personal academic and employment prospects, that most recent incidents of **April 5 and 7, 2016** resulting in the loss of his personal School IPAD Air and of his employment and income, which leads to the harm that is delaying the much needed programs that would allow him to benefit from housing placement services, that without employment his remaining in shelter is dela The plaintiff relies on the Second Circuit decision in **NYS National Organization for Women v. Terry**, 961 F.2d 390 (2d Cir 1992) on the concerns of the defendants and its agents, employees, and servants acting in concert with any of the defendants who are engaging in, or intend to engage in, the conduct complained of herein.

Finally, with respect to Defendant CAMBA attempt in opposing plaintiff's pleading to being improperly placed is defeated. First, the **Callahan Decree** (See, Callahan v. Carey, 307 AD 2d 150 - NY: Appellate Div., 1st Dept. 2003) sets out minimum standards of conditions of Shelters that not only go to placement of individuals through the appropriate assessment, it also sets out the conditions of which each client is to be treated through the Clients Bill of Rights before any action can be taken. Therefore State Law provisions in the assessment and placement have not been definitely decided on such questions, and that the court's consideration should be based on the reasons for the placement, and not whether they were done according to appropriate placements, as here retaliatory.

Therefore, plaintiff respectfully request that the Court deny Defendant CAMBA request to dismiss under Rule 12(b)(6)/12(e), and accept this submission as a more definite Statement. In addition, that the Court grant his request for a **Preliminary Injunction and/or Temporary Restraining Order** prohibiting defendant City of New York from otherwise housing and/or placing him in Shelters controlled by DHS Police Defendants that is permitting injury to continue, including repeated wrongful

3

arrest, imprisonments and wrongful labeling and use of EDP arrest, forcefully injected and that plaintiff be restored to his previously enjoyed status prior to the disappearance of his personal property to continue his academic studies and that it restore the losses of income resulting from the loss of employment on account of the repeated acts of retaliatory conduct taken against him, and for such other further relief deemed appropriate and equitable under the circumstances.

The Court's consideration in this matter is greatly appreciated. The foregoing is

Respectfully submitted,

Victor M. Herrera<br>
Plaintiff Pro Se

4